THE STATE, EX REL. URSCHEL ET AL., *v.* COLLER, AUDITOR.

(No. 716—Decided December 9, 1946.)

*Mr. Floyd A. Coller,* for relators.
*Mr. Moses Lane,* for respondent.

CARPENTER, J. This is an action in mandamus, originating in this court, in which relator L. B. Barnes, the superintendent of the sewage treatment plant of the city of Bowling Green, seeks to compel the respondent, Wayne R. Coller, as city auditor, to issue to such relator warrants for his salary as fixed by the board of public affairs of that city, to which the council by ordinance had committed the management of that utility, including the duty of fixing the compensation of its employees.

To the petition, the respondent filed a general demurrer, and the legal question thus raised is now before the court.

The basis of the demurrer is that the provision of the ordinance which seeks to invest the board of public affairs with power to fix the compensation of employees of the utility is invalid.

By the allegations of the petition it appears that the ordinance under which the board is operating was enacted November 19, 1945. By it the "management, control and operation of the municipal electric system, the municipal water works system and the municipal sewerage system shall be carried on by a board of public affairs." By section 7 of the ordinance, that board is authorized and directed, among other things, "to employ and discharge all employees" and "to fix the rate of pay and compensation for each class of employees of each system."

It is alleged also that prior to January 1, 1946, such relator's salary had been $160 per month, which was fixed by council by ordinance passed December 7, 1942; and that on December 21, 1945, the board, by resolution, had increased it to $200 per month, but that the respondent had refused to pay such relator the increase, although council by ordinance had appropriated money therefor.

The sole question is: Did the council have the power to delegate to the board the authority to fix the compensation of such relator as an employee of the city's sewerage system?

The court will take judicial notice of the fact that Bowling Green is a city and is operating under a statutory form of municipal government, Section 4206 et seq., General Code. See Morrow v. City of Cleveland, 73 Ohio App., 460, 56 N. E. (2d), 333. As such, its constitutional powers of local self-government are

not self-executing but must be implemented by statute.

Whatever power the council had in this respect was bestowed upon it by Section 4326-1, General Code, the material part of which is as follows:

"Whenever in any municipal corporation, the council or governing body thereof, shall, by ordinance, declare it to be essential to the best interests of such municipal corporation, the duties relating to the management and operation of municipally owned public utilities conferred upon the director of public service by Sections 3956 and 4326 of the General Code, shall be vested in a board composed of three members. * * * The council or governing body of such municipal corporation shall designate the compensation, if any, to be paid to said members; their duties, authority and powers * * *."

In a noncharter city such as Bowling Green, city-owned utilities are generally operated in the department of public service under a director. Sections 3956 and 4323 et seq., General Code. The director's duties are defined in Sections 3956 and 4326, General Code, the material parts of which are as follows:

"Section 3956. The director of public service shall manage, conduct and control the water works, furnish supplies of water, collect water rents, and appoint necessary officers and agents."

"Section 4326. The director of public service shall manage municipal water, lighting, * * * sewage disposal plants and farms * * *."

The council is the legislative body of Bowling Green. Section 4211, General Code.

"Except as otherwise provided" council by ordinance shall fix the salaries and compensation of each "employee in each department of the government." Section 4214, General Code. The department of public service is one of the departments of city government.

Section 4323, General Code. City-owned utilities are expressly included therein. Section 4326, General Code.

As to some administrative boards, salary-fixing power is "otherwise provided." Witness rapid transit commissioners, Section 4000-18, General Code, library boards, Section 4005, hospital boards, Section 4026, and park commissioners, Section 4061.

It is urged by such relator that the last sentence of Section 4326-1, General Code, as above quoted, wherein the council is directed to "designate" the "duties, authority and powers" of members of the board of public affairs, is broad and confers upon council power to delegate to the board authority to fix the compensation of its employees. However, the first sentence of that section is specific and restrictive when it says the council may *vest* in a board "the duties relating to the management and operation of municipally owned public utilities conferred upon the director of public service by Sections 3956 and 4326 of the General Code." Neither those sections nor any others give the director that authority.

The applicable rule of statutory construction appears in 37 Ohio Jurisprudence, 779, Section 450, as follows:

"In accordance with what is commonly known as the rule of *ejusdem generis*, where, in a statute, general words follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be construed as restricted by the particular designation and as including only things or persons of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose."

The same principle is stated in 50 American Jurisprudence, 371, Section 367, and 59 Corpus Juris, 981, Section 581.

In the light of that rule of construction and the general plan set up in the statutes for the government of city-owned utilities, it is clear that in Section 4326-1, General Code, the General Assembly did not confer upon the council power to delegate to the board the salary-fixing power, and the demurrer to the petition must be sustained. Unless such relator wishes to plead further, the petition will be dismissed.

*Judgment accordingly.*

STUART and CONN, JJ., concur.