CASEY, APPELLEE, *v.* CITY OF YOUNGSTOWN, APPELLANT.

[Cite as Casey v. City of Youngstown, 9 Ohio App. 2d 246.]

(No. 4622—Decided February 6, 1967.)

*Messrs. Green, Schiavoni, Murphy & Stevens,* for appellee.
*Mr. P. J. Melillo,* director of law, and *Mr. William J. Higgins,* for appellant.

JONES, J. During the latter part of 1964, the employees of the Board of Health of the city of Youngstown wrote to that board, requesting salary and wage increases.

At the board's regular meeting on May 18, 1965, a resolution was duly enacted that salary and wage increases be granted according to the prepared schedule of wage-adjustment increases then before the board, effective June 1, 1965.

On May 21, 1965, the Health Commissioner of the city of

Youngstown wrote to the mayor and council of the city, requesting the enactment of appropriate legislation. The health commissioner also wrote to the city finance director requesting him to pay the health department employees according to the aforementioned schedule. The city council did not pass legislation in regard to the requested increase, and the city of Youngstown has not paid them.

Donald Casey, an employee of the Board of Health of the city of Youngstown since June 1, 1956, filed a petition for declaratory judgment in the Common Pleas Court of Mahoning County, on behalf of himself and others similarly situated, on June 16, 1965. In essence, he prayed that his rights, and the rights of others similarly situated, and the duties of the city of Youngstown, under the pertinent statutes, be fixed and determined; and that the court declare that the Board of Health of the city of Youngstown has the exclusive authority to establish and adjust the wages and salaries of its employees, and that such employees are entitled to the increases granted by the board, effective June 1, 1965. From a judgment for plaintiff, the city perfected its appeal.

The appeal was originally brought as one on questions of law and fact, and was reduced, *sua sponte*, to one on questions of law only. The defendant, appellant herein, chose not to file a bill of exceptions, but since the case involves only disputed questions of law, in regard to which the necessary facts are demonstrated by the record, we are able to dispose of the case without a bill of exceptions.

The defendant makes five assignments of error. The first is that the trial court erred in holding that Donald Casey was a proper party plaintiff and that his petition stated a cause of action. The second through fifth assignments of error are, in essence, that the trial court's holding is contrary to law in that the trial court erred in the interpretation of the pertinent statutes, constituional provisions, charter provisions and case law.

Aside from the question of proper parties, the central issue in this case may be stated to be whether the legislative authority of a city which has a home-rule charter is under a mandatory duty to appropriate funds for wage and salary adjustment increases, which increases have been duly passed by the board of

health of the city, and the appropriation for which is requested in letters directed to the mayor, council, and finance director of the city.

As to the question of proper parties, it is the opinion of this court that Donald Casey, the plaintiff herein, is a proper party to this action. The board of health passed the resolution here in question for his benefit, and for the benefit of those similarly situated. Until and unless that resolution is declared to be ineffective by the courts, or is rescinded by the board, or can not be implemented for lack of legally appropriated funds, it creates a legal right in Donald Casey and the members of the class whom he represents. To illustrate, could it be contended that, if the board did not rescind its resolution and it received the requested appropriation, but then did not pay Donald Casey or others similarly situated in accordance with the resolution, they could not sue the board? It is plainly evident that they could.

The court wishes to state that the record discloses no bad faith on the part of anyone involved in this problem from the beginning, nor of anyone who is connected with this lawsuit. The rights and duties of the parties can not be gleaned from a reading of the statutes alone, and the interpolation of statutes, case law and city charter required to come to a solution is conducive to honest differences of opinion.

The court is taking judicial notice of the Youngstown Home Rule Charter adopted May 15, 1923 (with amendments in effect January 1, 1962). See *Morrow* v. *City of Cleveland*, 73 Ohio App. 460; *State, ex rel. Urschel*, v. *Coller*, 81 Ohio App. 163.

The *Baldwin* v. *City of Newark case* (65 Bull. 131), one of the cases on which the trial court principally relied in reaching its decision, is distinguishable on its operative facts from those in the case at bar, and we do not consider it dispositive of the issue in this case. In the *Baldwin case*, the city was held liable on a contract of the board of health, which contract was entered into pursuant to an appropriation previously made by the city council to cover the specific expense incurred by the board of health.

The case of *State, ex rel. Beckenbach,* v. *Board of County Commissioners* (unreported, Mahoning County Court of Appeals No. 2685, 1940), is distinguishable on at least one point,

namely, that in the instant case the request for an appropriation did not follow any prescribed procedure. This is apparent on the face of the record.

In the instant case, no appropriation was ever made, and, before reaching any other point, we must decide how a city health board, in a charter city, must proceed to request an appropriation. If, in this case, we were concerned with a general health district, the answer would be a good deal more simple. In regard to a general health district, Section 3709.28, Revised Code, is very specific. The requests of a board of health of a general health district must be certified to the county auditor and by him transmitted to the county budget commission. But, as pointed out in *Brunner* v. *Rhodes, Mayor,* 95 Ohio App. 259, at page 271, while the acts creating health districts set out complete and comprehensive procedures for controlling the fiscal policies of *general* health districts, they left the fiscal policies of *municipal* health districts subject to the law relating to boards of health of municipalities. At the time the *Brunner case* was decided, Sections 4451 and 1261-40, General Code, controlled municipal and general health districts, respectively, in these matters. These General Code sections have now become Sections 3707.28 and 3709.28, respectively, of the Revised Code, and an examination of Section 3707.28 shows that it is no more instructive in this regard than its predecessor was.

If the Revised Code did contain more specific provisions relating to the fiscal policies of municipal boards of health we would be of the opinion that the Revised Code provisions on procedure would take precedence over home rule charter provisions, on the basis of the state's plenary powers in the field of health. See *State, ex rel. Village of Cuyahoga Heights,* v. *Zangerle, Aud.,* 103 Ohio St. 566. But there are no such statutory guidelines, and, in their absence, we must be guided by the provisions of the Youngstown Home Rule Charter in the disposition of this case. Section 40-1 *et seq.* of that charter establish the city health district and the city district board of health as an integral part of the municipal government of Youngstown. We hold that a request for appropriations submitted by the Board of Health of the city of Youngstown must be instituted pursuant to Section 92 of such Charter, which reads as follows:

"On or before the first day of June and December in each

250

year, the head of each division shall prepare an estimate of the expenses of conducting his respective division during the ensuing fiscal half year, classified under appropriate heads as prescribed by the director of finance. Each estimate shall include an itemized list of the number of employees, rates of wages paid, quantity of supplies desired and price per unit, together with such other information as may be required, which estimates are to be presented to the director of finance on uniform blanks prepared by the director of finance.''

We hold further that the letters addressed by the health commissioner to Youngstown's Mayor, Council, and Finance Director in this case were insufficient to constitute a request within the meaning of Section 92 of the Charter, that the city had no duty to act upon a request not in proper form, and that plaintiff has not stated facts sufficient to support a cause of action against the defendant. For these reasons, the judgment of the trial court is reversed, and the cause is remanded for vacation of the judgment.

*Judgment reversed and cause remanded.*

JOHNSON, P. J., and LYNCH, J., concur.