THE COOPERATIVE PURE MILK ASSN., INC., APPELLANT, *v.* BOARD OF HEALTH OF CLERMONT COUNTY, APPELLEE.

[Cite as Cooperative Pure Milk Assn. v. Bd. of Health, 20 Ohio App. 2d 109.]

(No. 360—Decided March 24, 1969.)

*Messrs. Strauss, Troy & Ruehlmann, Mr. Samuel M. Allen* and *Mr. William S. Abernethy, Jr.,* for appellant.
*Mr. Robert A. Jones* and *Mr. Allen L. Burreson,* for appellee.

SHANNON, P. J., This is an appeal on questions of law from a determination reached by the Court of Common Pleas, Clermont County, upon a petition for declaratory judgment.

The plaintiff, appellant herein, operates, as it has for some time, numerous wholesale and retail milk and dairy product routes in and through Clermont County. These

routes are serviced by delivery trucks which carry, in addition to milk and its related products, such items as orange juice, fruit drinks, potato chips and eggs. The additional items are carried so as to furnish a more complete service to plaintiff's customers.

All products carried are processed by plaintiff exclusively within the limits of Cincinnati, and its plants and producers are under the direct inspection of the Board of Health of that city. Therefore, it was stipulated below that such board of health is the duly designated and approved health district with respect to plaintiff and is its licensor under Sections 3707.373 and 3707.374, Revised Code. Consequently, all plaintiff's plants, producers and haulers, including the delivery trucks involved here, are inspected and approved by the Cincinnati Board of Health and the necessary fees are paid solely to it, none being paid to any other board of health in Ohio.

The filing of the petition involved here was occasioned when the Board of Health of Clermont County, under its sanitary regulations, imposed a permit fee of ten dollars per annum on each of plaintiff's vehicles operating in Clermont County and notified it that criminal prosecution would follow noncompliance with the order to obtain permits and pay therefor. The prayer of the petition is for a determination of the validity and enforceability of the santiary regulations. A temporary restraining order was granted pending final determination, and plaintiff has not, as yet, paid any permit fees to defendant.

Inspection by Clermont County authorities went to the sanitary conditions of each truck, the type of refrigeration used, sources of possible contamination, and samples of milk products were taken and analyzed.

The lower court determined that the Board of Health of Clermont County had the authority to inspect all vehicles delivering food and drink, whether retail or wholesale, in the county, had the right to license them, had the right to charge a fee and that ten dollars per annum was not an exorbitant charge. Further, the court held that the sanitary regulations were valid but that the Milk Handlers

Statutes (Sections 3707.371 through 3707.376, inclusive, Revised Code) were not applicable in the premises.

Plaintiff concedes that the Clermont County Board of Health has the power, under Section 3709.21, Revised Code, generally to regulate for the public health through the issuance of orders and regulations and, particularly, to regulate by providing for inspection of "* * * places where food is manufactured, handled, stored, sold, or offered for sale" under Section 3709.22, Revised Code. Clearly, then, defendant can inspect plaintiff's trucks because they are places "where food is handled, stored, sold, or offered for sale."

Consequently, the issue is resolved to be: Do the powers of the board of health to regulate include the power to impose an inspection fee?

We have been unable to find, and neither party has cited to our attention, any statutory authority for the imposition of such inspection, or permit, fee. Therefore, we conclude that none exists.

*Ergo,* if there is authority for the board of health of a general health district to exact an inspection, permit or license fee, it must arise by implication from the power to regulate.

While it seems that the precise question posed here has not been decided in Ohio, analogous situations can be found in earlier cases.

In *Brunner* v. *Rhodes,* 95 Ohio App. 259, the Court of Appeals for Franklin County reviewed the power of a city board of health to exact, by regulation, inspection fees from slaughterers of meat animals. It was determined in *Brunner, supra* (paragraph eleven of the syllabus), that:

"A city board of health is without authority to prescribe a regulation requiring the payment of inspection fees by meat packers."

In reaching such conclusion, the court, at page 272, considered Section 1261-40, General Code, now substantially embodied in Section 3709.28, Revised Code, as "convincing that it was the intent of the legislation that the expenses of neither municipal nor general health districts

should be raised by them but should be referred to the council and the budget commissioners respectively for allowance.''

The Supreme Court of Ohio reflected upon the general question of what powers may be implied as incident to powers expressly conferred upon boards of health in *Wetterer* v. *Hamilton County Board of Health,* 167 Ohio St. 127. Herbert, J., author of the opinion observed, at page 138, that: ''Here we have a situation where we must either imply in general boards of health the power to license as a necessary corollary to their power to regulate, or the contrary.'' In apparent rejection of the holding and necessary rationale in *McGowen* v. *Shaffer,* 65 Ohio Law Abs. 138, paragraph two of the headnote, ''While under the Ohio statutes the boards of health of the general health districts are not expressly granted the right to license master plumbers and register journeymen for a fee, they have, by reason of the powers granted to them under said statutes, an implied authority to so license and register,'' the Supreme Court commented upon the lack of legislative authority in the premises and decided the case thusly:

''A board of health of a general health district has neither expressed nor implied power under Sections 3707.01, 3709.21 and 3709.36, Revised Code, to enact rules and regulations to provide for the licensing of plumbers in such general health district.''

The Court of Appeals for Stark County grappled with fundamentally the same problem in the unreported case of *State, ex rel. Putman,* v. *Gressinger* (January 1968), which involved a health regulation requiring migrant labor camps to obtain an annual license or permit and to pay a fee therefor. The court cited *Wetterer, supra,* and, reasoning from it, decided:

''* * * the public health council has not been given statutory authority to require an annual license or permit for operation of migrant labor camps and the board of health of a general health district has not been given statutory authority to exact a fee for such license.''

Such determination, the court stated, is supported by the number of cases in which the Legislature, when intend-

ing that a license be required or fee be paid, has expressly provided for such, directing attention to Sections 915.15, 915.16, 3721.04, 3711.01, 3711.02, 3733.03, 3733.04, 3732.03, 3732.04, 3731.03 and 3731.04, Revised Code, among others.

While defendant urges the adoption here of the generally recognized rule that the right to impose regulations on an enterprise carries with it a right to impose a reasonable fee to cover the cost of enforcement, which contention has undeniable cogency and was the basis of the decision in *Prudential Co-Operative Realty Co.* v. *Youngstown*, 118 Ohio St. 204, we conclude that does not apply to the case at bar.

We find the better view to be that set forth in *Casey* v. *Youngstown*, 9 Ohio App. 2d 246, at page 249, that is, that the fiscal policies of general health districts are controlled by statute. And, we believe, such is the view of the Supreme Court of this state.

Consider, further, the difficulties to be encountered were we to conclude otherwise. Trade barriers which were removed by the Milk Handlers Statutes would inevitably be re-erected. Local governments, under severe financial stress, surely would see an opportunity to relieve the pressure by imposing fees for ''inspections,'' and the freedom of movement of food products would suffer, ultimately to the loss of the general public.

Certainly, in the case here, Clermont County authorities cannot assess a fee for the inspection and analysis of the milk samples periodically taken because of the inhibition of Section 3707.373 (D), Revised Code, to wit:

''The inspections, acts, and records of the director or an approved district (City of Cincinnati) in the administration and enforcement of Sections 3707.371 to 3707.376, inclusive, of the Revised Code, and regulations adopted thereunder shall be accepted and given full faith and credit by all political subdivisions of the state. *Milk approved by* the director or *any approved district may be sold or offered for sale anywhere* in the state without payment of any additional inspection fee and without any further inspections; * * *'' (Emphasis added.)

However, the products other than milk on plaintiff's

trucks are not so protected, but an inspection fee cannot be assessed for the reasons set forth herein.

From all that appears, the public health is well protected. The inspection by Cincinnati officials is adequate, and we merely observe, entirely without criticism, the inspections in Clermont County, under the facts before us, are repetitious.

Consequently, the judgment of the Court of Common Pleas that the Board of Health of Clermont County does not have the right to charge a fee for inspection of trucks operated solely for the delivery of milk, as defined by Section 3707.371, Revised Code, is affirmed; its judgment that such board has the right to assess a licensing fee against plaintiff's vehicles is reversed.

Judgment, then, is rendered for plaintiff in that we declare that the powers of the Board of Health of Clermont County to regulate wagons or other vehicles delivering food and drink do not include the power to impose an inspection fee and, to the extent that the sanitary regulations of the board impose such fee they are invalid as exceeding the administrative and regulatory authority granted to the board. Accordingly, the temporary injunction heretofore issued against defendant is made permanent.

*Judgment accordingly.*

HILDEBRANT and HESS, JJ., concur.