THE STATE, EX REL. DURKIN, CLERK, APPELLEE, *v.*
CITY COUNCIL OF YOUNGSTOWN ET AL., APPELLANTS.

[Cite as State, ex rel. Durkin, *v.* Youngstown City Council (1984),
9 Ohio St. 3d 132.]

(No. 82-1772—Decided February 8, 1984.)

*Mr. Avetis G. Darvanan* and *Mr. Richard J. LaCivita,* for appellee.

*Mr. Edward N. Sobnosky,* director of law, and *Mr. William J. Higgins,* for appellants.

J. P. CELEBREZZE, J. We initially note that this appeal is not concerned with the amount of salary to be paid to the appellee herself as that figure is fixed by statute and is not subject to the discretion of either appellee or council.[1] Rather, the controversy centers around the amount of salary to be paid the deputy clerks.

R.C. 1901.31(H) provides for the compensation of deputy clerks as follows:

"Deputy clerks may be appointed by the clerk and *shall receive the compensation,* payable in semimonthly installments out of the city treasury, *that the clerk may prescribe * * *.*" (Emphasis added.)

Based upon this statute, the court of appeals held that appellants were required to appropriate the funds requested by appellee for salaries for her employees unless appellants could show the request to be unreasonable. In their first proposition of law, appellants assert that they had no duty to appropriate the funds until appellee established the reasonableness of her request.

---

[1] R.C. 1901.31(C) provides, in relevant part:

"* * * In territories having a population of one hundred thousand or more * * * the clerk of a municipal court shall receive annual compensation in a sum equal to eighty-five per cent of the salary of a judge of the court. * * *"

In evaluating this argument, we are guided by *State, ex rel. Cleveland Municipal Court,* v. *Cleveland City Council* (1973), 34 Ohio St. 2d 120 [63 O.O.2d 199]. In that case, the Cleveland Municipal Court sought a writ of mandamus based upon its allegation that the Cleveland City Council had appropriated some, but not all, of the funds requested by the court for its operation in 1972. This court distinguished two types of items in the relator's budget. In one of these items, the General Assembly had given the local legislative authority discretion to determine the amount of funding required. In those instances, the court was not entitled to an automatic appropriation of the monies requested even if the requests were reasonable. *Id.* at 127.

However, a different rule applies where the statute vests sole discretion over a budgetary item in a body or individual other than the local legislative authority. In that situation, the legislative authority has a mandatory duty to fund the item. *Id.* at 126. One example cited in the *Cleveland Municipal Court* case was R.C. 1901.32(F), which relates specifically to the Cleveland Municipal Court and provides in part: "[t]he chief deputy clerks, the chief clerks, and all other deputy clerks shall receive such compensation as the clerk prescribes." *Id.*

Here, R.C. 1901.31(H) contains almost identical language and therefore imposes a similar duty upon the legislative authority to appropriate the funds requested for that item. The usual limitation is that the request must be reasonable and not an abuse of discretion. See *State, ex rel. Foster,* v. *Bd. of County Commrs.* (1968), 16 Ohio St. 2d 89, 91 [45 O.O.2d 442]. However, we believe that it is up to the party claiming that the request exceeds these limitations to bear the burden of demonstrating such a claim.

In this case, appellants alleged that the proposed salary budget was unreasonable on its face. Clearly, such a bare allegation was not a sufficient basis upon which to deny a request made under the authority of R.C. 1901.31(H). Accordingly, appellants' first proposition of law is without merit.

In their second proposition of law, appellants contend that the court of appeals' holding violates the doctrine of separation of powers in that it would force a city legislature to appropriate funds without regard as to their availability. Appellants' argument is based upon their contention that the city of Youngstown is in dire financial straits and is simply unable to fund the requested salaries.

Certainly, the financial condition of Youngstown was relevant to the determination below. See *State, ex rel. Taylor,* v. *Delaware* (1982), 2 Ohio St. 3d 17. However, based upon the evidence before it, the court of appeals determined that there was not a financial crisis of such proportions as to justify the cuts in appellee's budget. It is not necessary for this court to reweigh the evidence at this time. See *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84, 85-86 [31 O.O.2d 62].

Moreover, this court has in the past refused to excuse a governmental body from fulfilling its mandatory duty based upon a claim of hardship. See *State, ex rel. Foster,* v. *Bd. of County Commrs., supra; State, ex rel. Motter,* v.

*Atkinson* (1945), 146 Ohio St. 11, 15 [31 O.O. 472]. The doctrine of separation of powers requires that the funds necessary for the administration of justice be provided to the courts:

"It is a well-established principle that the administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers. The proper administration of justice requires that the judiciary be free from interference in its operations by such other branches. Indeed, it may well be said that it is the duty of such other branches of government to facilitate the administration of justice by the judiciary." *State, ex rel. Foster,* v. *Bd. of County Commrs., supra,* at 92.

The courts' authority to effectuate the orderly and efficient administration of justice without monetary or procedural limitations by the legislature is said to be within the inherent powers of the courts. *State, ex rel. Johnston,* v. *Taulbee* (1981), 66 Ohio St. 2d 417, at 420-422 [20 O.O.3d 361].

Accordingly, appellants' second proposition of law is also without merit.

In their final proposition of law, appellants argue that the appellee's budget proposal was not prepared and submitted in the form required under the Youngstown Home Rule Charter. Relying upon *Casey* v. *Youngstown* (1967), 9 Ohio App. 2d 246 [38 O.O.2d 308], they contend that they therefore had no obligation to consider the proposal.

We do not agree with this contention. At the time the Youngstown city budget was being considered and passed, no question was raised as to the form of appellee's budget proposal. Appellants cannot now claim a deficiency in form to justify their reduction of appellee's budget request.

Based upon the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, FORD and C. BROWN, JJ., concur.

LOCHER and HOLMES, JJ., concur in judgment only.

FORD, J., of the Eleventh Appellate District, sitting for SWEENEY, J.