THE STATE, EX REL. MUSSER, JUDGE, ET AL., *v.* CITY OF MASSILLON ET AL.

[Cite as State, ex rel. Musser, *v.* Massillon (1984), 12 Ohio St. 3d 42.]

(No. 84-156—Decided July 3, 1984.)

*Messrs. Chester, Hoffman & Willcox, Mr. Richard C. Addison, Mr. William C. Wilkinson* and *Mr. Eugene B. Lewis,* for relators.

*Mr. Thomas V. Ferrero,* for respondents.

*Per Curiam.* We recently addressed the subject of funding municipal courts in *State, ex rel. Durkin,* v. *Youngstown City Council* (1984), 9 Ohio St. 3d 132. We reiterated that the question of whether a local legislative authority is under a mandatory duty to appropriate funds for certain budget requests is dependent upon the statute authorizing the expenditure, stating at 134:

"In evaluating this argument, we are guided by *State, ex rel. Cleveland Municipal Court,* v. *Cleveland City Council* (1973), 34 Ohio St. 2d 120 [63 O.O.2d 199]. In that case, the Cleveland Municipal Court sought a writ of mandamus based upon its allegation that the Cleveland City Council had appropriated some, but not all, of the funds requested by the court for its operation in 1972. This court distinguished two types of items in the relator's budget. In one of these items, the General Assembly had given the local legislative authority discretion to determine the amount of funding required. In those instances, the court was not entitled to an automatic appropriation of the monies requested even if the requests were reasonable. *Id.* at 127.

"However, a different rule applies where the statute vests sole discretion over a budgetary item in a body or individual other than the local legislative authority. In that situation, the legislative authority has a mandatory duty to fund the item. *Id.* at 126."

Relators' requests are governed by different statutory provisions which we will address separately.

## I

The hiring of an additional bailiff and salary increases for the former three bailiffs are governed by R.C. 1901.32(A) which provides in relevant part:

"The court shall appoint a bailiff who shall receive such annual compensation as the court prescribes payable in semi-monthly installments from the same sources and in the same manner as provided in section 1901.11 of the Revised Code. * * *"

This statute vests sole discretion for the hiring and compensation of bailiffs with the court. Thus, respondents have a mandatory duty to provide the funding requested, unless respondents demonstrate the request is unreasonable or an abuse of discretion. *Durkin, supra,* at 134. Here, respondents have not provided evidence that the hiring of an additional bailiff or the salary increases to former bailiffs constitute an abuse of discretion, but have only alleged in defense of all claims that the city is facing economic hardship. As in *Durkin,* this allegation is insufficient to justify denial of the funding. *Id.*

## II

Relators' second request relates to the hiring of a court secretary and is governed by R.C. 1901.33 which provides, in part:

"The judge or judges may appoint one or more typists, stenographers, statistical clerks, and official court reporters, each of whom shall be paid such compensation out of the city treasury as the legislative authority prescribes, * * *." Here, relators are clearly granted the discretion to hire a secretary (comparable to the situation with bailiffs), but respondents are directed to fix the level of compensation. This creates a situation where respondents' refusal to provide any funding for this position precludes the court from exercising its power to hire. In *Durkin, supra,* at 135, we stated:

" 'It is a well-established principle that the administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers. The proper administration of justice requires that the judiciary be free from interference in its operations by such other branches. Indeed, it may well be said that it is the duty of such other branches of government to facilitate the administration of justice by the judiciary.' *State, ex rel. Foster,* v. *Bd. of County Commrs., supra,* at 92." This rule compels us to hold that respondents are required to fund this item absent a showing of

unreasonableness. Any other result would permit respondents to interfere with relators' statutory right to hire a secretary.

### III

The hiring and compensation of other employees in a municipal court is governed by R.C. 1901.36 which provides, in part:

"The legislative authority shall provide such other employees as are necessary, each of whom shall be paid such compensation out of the city treasury as the legislative authority prescribes * * *." Under this section, discretion rests with the legislative authority and funding cannot be compelled by way of mandamus.

Two questions are presented governing the application of R.C. 1901.36 herein. The first is whether the hiring of a referee is governed by this section or by M.C. Sup. R. 4 which provides:

"(A) Appointment and use. All municipal courts having more than two judges shall appoint one or more referees to hear the following: default proceedings under Civil Rule 55; forcible entry and detainer proceedings under R.C. Chapter 1923 in which the right to trial by jury is waived or not demanded; small claims proceedings under R.C. Chapter 1925; and traffic proceedings in which there is a guilty plea or written waiver by the defendant of the right to trial by a judge. In addition, courts may refer other appropriate matters to a referee for report and recommendation.

"* * *

"(C) Appointment by courts having two or less judges. This rule does not preclude the appointment of referees by courts having two or less judges."

The Massillon Municipal Court has two judges and thus is not required to appoint a referee. However, M.C. Sup. R. 4 clearly grants the power to appoint referees to the court. R.C. Chapter 1901 contains no specific provision governing the hiring of referees, but does authorize the court to refer matters to a referee for hearing. R.C. 1901.13(A).

This is another situation, like that of the secretary, where the court is unable to exercise its statutory powers due to council's refusal to provide funding. For the same reasons, we hold that respondents are required to provide reasonable compensation for the referee hired by relators.

The second question under R.C. 1901.36 arises due to relators' actions in designating the assignment commissioner and court reporters as deputy bailiffs. Relators state that their purpose in doing so was to insure that these employees can serve as bailiff if the need arises. However, inasmuch as the duties of those employees have not changed, we think their true intent was to circumvent R.C. 1901.33 and 1901.36 and avoid respondents' authority to fix their salaries. Although the salary increases requested for these employees are reasonable, mandamus is not appropriate to compel their allowance.

### IV

Last, relators request accommodations for the referee. R.C. 1901.36 provides that "[t]he legislative authority of the municipal corporation shall pro-

vide suitable accommodations for the municipal court and its officers." Also, M.C. Sup. R. 17(E) provides that "[r]eferees should have courtroom and office facilities similar to those of a judge except the courtroom need not have jury accommodations." It is notable that relators are not seeking new facilities which would require additional funding, but ask only to use council chambers which is used two evenings a month for council meetings. In view of this fact and the mandatory terms of R.C. 1901.36, we find this request justified.

Accordingly, the writ is granted to compel the funding requested for the former three bailiffs and the three new employees and to compel granting accommodations for the referee. The writ is denied to compel salary increases for the three former non-bailiff employees.

*Writ allowed in part and denied in part.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.