THE STATE, EX REL. CRAMER, CLERK, ET AL., APPELLEES AND
CROSS-APPELLANTS, *v.* BOARD OF COUNTY COMMISSIONERS
OF CRAWFORD COUNTY ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as State, ex rel. Cramer, *v.* Crawford Cty.
Bd. of Commrs. (1985), 18 Ohio St. 3d 157.]

(No. 84-1149—Decided July 10, 1985.)

158

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Kennedy, Purdy, Hoeffel, Erlsten & Gernert* and *Terry L. Gernert,* for appellees and cross-appellants.

*J. Boyd Binning,* for appellants and cross-appellees.

*Per Curiam.* The crux of this controversy concerns which entity is responsible for determining the rate of compensation for the municipal court employees in question. Pursuant to R.C. 1901.33, a municipal judge may appoint probation officers, typists, stenographers, statistical clerks, and official court reporters, each of whose salary shall be prescribed by the legislative authority. However, R.C. 1901.31(H) empowers the clerk of court to appoint deputy clerks and the clerk may prescribe the rate of compensation for such positions.

The Crawford County Municipal Court employs one clerk of court, one individual designated as a bailiff-probation officer, one court referee, and nine other individuals designated as deputy clerks.

It is appellants' contention that appellees have purposely classified several of their employees as deputy clerks, irrespective of the largely clerical nature of such positions, for the sole purpose of precluding the legislative authority from establishing the rate of compensation.

Pursuant to R.C. 1901.31(H), deputy clerks "may peform the duties appertaining to the office of the clerk." Further, R.C. 1901.31(F) provides that the clerk "shall have other powers and duties as are prescribed by rule or order of the court." These two statutory provisions give the court wide latitude in prescribing the particular duties of deputy clerks. Without clear evidence of an abuse of such discretion, this court will not interfere with the internal administration of a municipal court. We find appellants have not met this burden.

In their second proposition of law, appellants charge that mandamus is not the appropriate remedy to compel the legislative authority to approve all of the appropriations requested for the bailiff-probation officer when such individual's time is equally divided in performing each respective employment obligation.

The evidence demonstrates that Dale Starcher is employed as the municipal court probation officer and bailiff. Judge Bender testified that Starcher devotes approximately one half of his time acting in the capacity of probation officer and one half of his time as a court bailiff. Pursuant to R.C. 1901.33, a municipal judge may appoint a court probation officer, but the rate of compensation shall be determined by the legislative authority. *State, ex rel. Heeter,* v. *Mullenhour* (1977), 51 Ohio St. 2d 145 [5 O.O.3d 117]. Accordingly, appellants contend that the legislative authority is entitled to prescribe that portion of Starcher's salary earned while acting in the capacity as a probation officer.

We find this argument is unpersuasive. R.C. 1901.32(A) permits the court to appoint and set the salary of bailiffs. Under R.C. 1901.32(E), a bailiff "shall perform for the court services similar to those performed by the sheriff for the court of common pleas, and shall perform such other duties as are requested by rule of court." These provisions justify the court's prescription of Starcher's additional duties as a probation officer.

In their first proposition of law on the cross-appeal, appellees argue that absent a showing of unreasonableness, the board of county commissioners is required to fund the salary of the clerk of the court and failure to do so constitutes a violation of the board's inherent duty not to impede the administration of justice. *State, ex rel. Foster,* v. *Bd. of County Commrs.* (1968), 16 Ohio St. 2d 89 [45 O.O.2d 442].

There is no question that the authority to establish the rate of compensation for the Clerk of the Crawford County Municipal Court rests in the legislative authority under R.C. 1901.31(C). In matters wherein a budgetary request involves an area in which the legislative authority is statutorily empowered to decide, the board of commissioners may not be compelled to approve such a request, even if the request is reasonable in nature. *State, ex rel. Durkin,* v. *Youngstown City Council* (1984), 9 Ohio St. 3d 132, 134. The only exception to this rule is that the board may not act in a manner which impairs the courts' administration of justice. *State, ex rel. Cleveland Municipal Court,* v. *Cleveland City Council* (1973), 34 Ohio St. 2d 120, 127-128 [63 O.O.2d 199]. The record is void of any evidence which substantiates the claim that appellants' actions have impaired the Crawford County Municipal Court's ability to administer justice. Hence, appellees' first contention is without merit.

In their second proposition of law on cross-appeal, appellees assert that the portion of R.C. 1901.31(C) which designates that the legislative authority shall establish the clerk's rate of compensation manifests an unconstitutional legislative encroachment upon the inherent powers of the judiciary.

In support, appellees cite *State, ex rel. Johnston,* v. *Taulbee* (1981), 66 Ohio St. 2d 417 [20 O.O.3d 361], wherein this court found a statute authorizing the county commissioners to determine the amount of appropriation for the expenses of the juvenile court unconstitutional. The court concluded at 421 that:

"R.C. 2151.10 as it now reads, by its granting to a legislative body, to wit: the county commissioners, the 'power of the purse' over judicial administration, unconstitutionally restricts and impedes the judiciary in complete contradiction of our rudimentary democratic principles."

It is important to note that the statute scrutinized in *Taulbee* authorized the legislative authority to control the total budget of the juvenile court. In the case at bar, R.C. 1901.31(C) merely empowers the legislative authority to set the rate of compensation for the clerk of court. Such authority cannot be said to constitute a " 'power of the purse' over judicial administration."

In view of the vast differences between the scope of the statute in *Taulbee* and in the case *sub judice,* appellees' constitutional claim is without substance.

For the reasons set forth in this opinion, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and DOUGLAS, JJ., concur.

HOLMES and WRIGHT, JJ., concur in judgment only.