THE STATE, EX REL. O'FARRELL ET AL., APPELLANTS, *v.* NEW PHILADELPHIA CITY COUNCIL ET AL., APPELLEES.

[Cite as State, ex rel. O'Farrell, v. New Philadelphia City Council (1991), 57 Ohio St. 3d 73.]

(No. 90-142—Submitted October 23, 1990—Decided January 23, 1991.)

*Buckingham, Doolittle & Burroughs Co., L.P.A., Orville L. Reed III* and *James M. Lyons, Jr.,* for appellants.

*Johnson & Johnson Co., L.P.A.,* and *Michael C. Johnson,* for appellees.

*Per Curiam.* Who establishes salaries for municipal court employees under R.C. Chapter 1901? Was the court of appeals correct in holding that the municipal court, in prescribing the compensation of bailiffs and deputy bailiffs, must speak only through its journal and not by oral pronouncement or mere written minutes or memoranda? (Since the clerk of courts does not utilize a journal, how would the clerk prescribe compensation under R.C. 1901.31?) In dealing with administrative matters (nonjudicial determinations), the court need not use its journal or prepare an entry in order to prescribe compensation for bailiffs or deputy bailiffs. It was proper for the court, and for the clerk, to make written requests of city council for increases in the salaries of their employees. Therefore, the court erred in dismissing the complaint.

The judgment of the court of appeals is reversed and the matter is remanded to it for review and redetermination in conformity with this opinion and for the hearing of evidence.

R.C. 1901.32(A) reads in part as follows:

"(1)  * * *  [T]he court shall appoint a bailiff who shall receive such annual compensation as the court prescribes * * *.

"(2)  * * * [D]eputy bailiffs may be appointed by the court. Deputy bailiffs shall receive such compensation payable in semimonthly installments out of the city treasury as the court prescribes * * *."

R.C. 1901.31(H) reads in part as follows:

"Deputy clerks may be appointed by the clerk and shall receive the compensation, payable in semimonthly installments out of the city treasury, that the clerk may prescribe * * *."

The municipal judge requested that the salaries of the probation officer/bailiff and the deputy bailiff be in-

creased a certain amount. The clerk requested specific increases in the salaries of each of her deputy clerks.

In *State, ex rel. Musser,* v. *Massillon* (1984), 12 Ohio St. 3d 42, 44, 12 OBR 36, 38, 465 N.E. 2d 400, 401-402, we decided that requests by municipal judges for salary increases for bailiffs had to be funded by city council, holding:

" 'However, a different rule applies where the statute vests sole discretion over a budgetary item in a body or individual other than the local legislative authority. In that situation, the legislative authority has a mandatory duty to fund the item. * * *'

"* * *

"The hiring of an additional bailiff and salary increases for the former three bailiffs are governed by R.C. 1901.32(A) * * *.

"* * *

"This statute vests sole discretion for the hiring and compensation of bailiffs with the court. Thus, respondents have a mandatory duty to provide the funding requested, unless respondents demonstrate the request is unreasonable or an abuse of discretion. * * * [*State, ex rel. Durkin,* v. *Youngstown City Council* (1984), 9 Ohio St. 3d 132, 134, 9 OBR 382, 384, 459 N.E. 2d 213, 215.] Here, respondents have not provided evidence that the hiring of an additional bailiff or the salary increases to former bailiffs constitute an abuse of discretion, but have only alleged in defense of all claims that the city is facing economic hardship. As in *Durkin,* this allegation is insufficient to justify denial of the funding. *Id.*"

*State, ex rel. Durkin,* v. *Youngstown City Council* (1984), 9 Ohio St. 3d 132, 9 OBR 382, 459 N.E. 2d 213, is determinative as regards the deputy clerks. The syllabus reads:

"R.C. 1901.31(H) imposes a mandatory duty upon the legislative authority to fund the deputy clerk salaries prescribed by the clerk of courts. The clerk of courts is not required to establish the reasonableness of such salaries."

In *State, ex rel. Cramer,* v. *Crawford Cty. Bd. of Commrs.* (1985), 18 Ohio St. 3d 157, 158, 18 OBR 214, 215, 480 N.E. 2d 443, 444, we held that mandamus is the appropriate remedy to compel a legislative authority to approve all of the appropriations requested for a bailiff-probation officer when the officer's time is equally divided in performing the duties of bailiff and of probation officer. We held that "* * * R.C. 1901.32(A) permits the court to appoint and set the salary of bailiffs" and, together with R.C. 1903.32(E) [now 1901.32(A)(6)], "justif[ies] the court's prescription of [the bailiff's] additional duties as a probation officer." *Id.* at 159, 18 OBR at 215-216, 480 N.E. 2d at 445.

Presumably, the probation officer/bailiff performed his bailiff duties and his duties as probation officer to the extent designated by the judge. In the absence of evidence that his duties as probation officer were not specified by the judge or were of relatively substantial magnitude, or that the judge abused his discretion in the designation of duties, or that the prescribed salary was unreasonable, there is no reason to depart from *Cramer.*

Appellants argue that R.C. 1901. 31 and 1901.32 authorize them to determine the salaries of the involved municipal court employees. In contrast to these statutes, R.C. 1901.33 authorizes the legislative authority to prescribe the compensation of certain other municipal court employees.

A comparison of these statutes indicates that R.C. 1901.33 refers to particular municipal court employees other than bailiffs, deputy bailiffs and deputy clerks and is thus inapplicable to this matter.

R.C. 1901.33 provides: "The judge or judges of a municipal court may appoint one or more interpreters, one or more psychiatrists, one or more probation officers, an assignment commissioner, and deputy assignment commissioners * * *" and "one or more typists, stenographers, statistical clerks, and official court reporters * * *" and that each of these appointees shall be paid such compensation as the legislative authority prescribes.

The more specific references to bailiffs, deputy bailiffs and deputy clerks of court in R.C. 1901.31 and 1901.32 are additional and conclusive reasons for determining that the municipal judge and the clerk of the municipal court, instead of city council, are properly empowered to determine relevant compensation.

The court of appeals overruled appellants' motion for summary judgment based upon its determination that there was no evidence of any journalized court order dealing with compensation and that "a judge speaks as the court only through the journal of the court." In this regard, the court of appeals erred. As stated earlier, the court need not use its journal or prepare an entry in order to prescribe compensation. See *Musser, supra,* and *Cramer, supra.*

However, the answers to interrogatories and affidavits before the court of appeals disclosed factual disputes concerning whether appellees had denied appellants' requests for salary increases, whether those increases were reasonable, and whether appellants had abused their discretion in prescribing the compensation at issue. Therefore, the court of appeals was correct in overruling the motion for summary judgment, because there was a genuine issue as to material facts. Civ. R. 56(C). However, it erred in dismissing the mandamus action. It should have proceeded with the mandamus action by hearing the evidence of the parties.

The decision of the court of appeals is hereby reversed and the cause is remanded for further proceedings in accordance with this decision and for the presentation of evidence.

*Judgment reversed
and cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.