[Cite as *Krueck v. Kipton Village Council*, 2012-Ohio-1787.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

RICHARD KRUECK

 Appellant

 v.

KIPTON VILLAGE COUNCIL

 Appellee

C.A. No.    11CA009960

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09CV163428

DECISION AND JOURNAL ENTRY

Dated: April 23, 2012

CARR, Presiding Judge.

{¶1} Appellant, Richard Krueck, appeals the judgment of the Lorain County Court of Common Pleas which granted summary judgment in favor of appellee, Village of Kipton. This Court reverses.

I.

{¶2} The Chief of Police and another officer of the Kipton Police Department were charged with criminal offenses which led to their resignations, leaving the village without a police department. The issue of the status of the police department was discussed at various village council meetings over many months before Professor James McManus of Lorain County Community College was ultimately sworn in as the new chief of police. Mr. Krueck was a member of the village council when the issues surrounding the status of the police department arose and were resolved. According to council minutes, Mr. Krueck faithfully attended all council meetings. He suspected that the mayor and various members of the council illegally met

with Mr. McManus to discuss matters regarding the village police department, i.e., public business, in violation of R.C. 121.22, Ohio's Sunshine Law.

{¶3} Mr. Krueck filed a complaint against "Kipton Village Council" in which he alleged a violation of R.C. 121.22 which requires open meetings where public officials take official action and conduct deliberations upon official business. The Kipton law director filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted for the reason that the village council is not sui juris and lacks capacity to be sued. The trial court dismissed Kipton Village Council as a party, but granted leave to Mr. Krueck to amend his complaint to substitute the appropriate parties. Mr. Krueck subsequently filed an amended complaint against the Village of Kipton and five named individuals, four of whom he identified as council members at the time of the alleged illegal meeting.

{¶4} Mr. Krueck sued pursuant to R.C. 121.22(I)(1) to enjoin the Village of Kipton and various village councilmembers from further violation of the Ohio Sunshine Laws after members of the village council allegedly met on or about August 13, 2007, in violation of R.C. 121.22. The Village answered, denying the allegation of a statutory violation. Subsequently, the Village filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Mr. Krueck responded in opposition to the motion to dismiss. The trial court granted the motion to dismiss as it related to all the individuals named in the complaint for the reason that they had not been served with the amended complaint, but it denied the motion as it related to the claim against the Village. Mr. Krueck does not challenge the trial court's ruling on the motion to dismiss.

{¶5} The Village filed a motion for summary judgment, Mr. Krueck responded in opposition, and the Village replied. The trial court granted summary judgment in favor of the Village after finding that "the meeting occurred spontaneously" rather than after having been

prearranged, and that it was "primarily fact finding in nature." Mr. Krueck filed a timely appeal in which he raises one assignment of error for review.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT
TO THE DEFENDANT-APPELLEE.

{¶6} Mr. Krueck argues that the trial court erred by granting summary judgment in favor of the Village. This Court agrees.

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a

reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶10} It is axiomatic that the non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden. To do so, the moving party must set forth evidence of the limited types enumerated in Civ.R. 56(C), specifically, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C) further provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶11} Mr. Krueck first argues that the trial court erred by failing to consider any evidentiary materials he submitted in opposition to the Village's motion for summary judgment. The trial court asserted, however, that it based its decision on a consideration of "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any[.]" Accordingly, there is no indication from the record that the trial court failed to consider all proper Civ.R. 56(C) evidence.

{¶12} Ohio's Sunshine Law, as enunciated in R.C. 121.22, states in relevant part:

This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law.

***

(C) All meetings of any public body are declared to be public meetings open to the public at all times. A member of a public body shall be present in person at a meeting open to the public to be considered present or to vote at the meeting and for purposes of determining whether a quorum is present at the meeting.

***

(F) Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and

the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action. In the event of an emergency, the member or members calling the meeting shall notify the news media that have requested notification immediately of the time, place, and purpose of the meeting.

{¶13} The statute defines "public body" to include a council of any political subdivision. R.C. 121.22(B)(1)(a). A "meeting" is "any prearranged discussion of the public business of the public body by a majority of its members." R.C. 121.22(B)(2); *accord State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 543 (1996) (holding that the "elements of the statutory definition of a meeting are (1) a prearranged discussion, (2) a discussion of the public business of the public body, and (3) the presence at the discussion of a majority of the members of the public body.")

{¶14} This Court has recognized that a public body violates the Sunshine Law where it simultaneously conducts a meeting while deliberating over public business. *Berner v. Woods*, 9th Dist. No. 07CA009132, 2007-Ohio-6207, ¶ 17, citing *Holeski v. Lawrence*, 85 Ohio App.3d 824, 829-830 (11th Dist.1993). We have acknowledged, however, that "deliberations" contemplate more than mere investigation, fact-finding, or information-gathering. *Berner* at ¶ 15, citing *Holeski*, 85 Ohio App.3d at 829. Specifically, we have stated that "[q]uestion-and-answer sessions between board members and other persons who are not public officials do not constitute 'deliberations' unless a majority of the board members also entertain a discussion of public business with one another. In this context, 'discussion' entails an 'exchange of words, comments or ideas by the board.' A conclusive decision among board members on any measure, however, is not necessary to prove a violation." (Internal citations omitted.) *Berner* at ¶ 15.

**{¶15}** In its motion for summary judgment, the Village did not dispute that a majority of council members got together with Mayor Watson and Mr. McManus around the time alleged in the complaint. Instead, it raised the following three arguments in support of its motion.

**{¶16}** First, the Village argued that no "public body" was involved because all individual council members had been dismissed as parties to the action. By definition, the village council constitutes a "public body." R.C. 121.22(B)(1)(a). Moreover, the Ohio Supreme Court has recognized that a political subdivision's council is not sui juris and, therefore, cannot sue or be sued. *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St.2d 120, 122 (1973). The high court noted that "[a]n action involving the council should be brought against the [political subdivision], *or* against the existing councilmen." (Emphasis added.) *Id.* Because the village council is a public body, and Mr. Krueck properly brought this action against the Village, there is no evidentiary or legal support for the Village's first argument.

**{¶17}** Second, the Village argued that there was no "meeting" as that term is statutorily defined because of the spontaneous, rather than prearranged, nature of the coming together of various council members with the mayor and Mr. McManus. In support, the Village presented Mr. Krueck's deposition in which he testified that "the meeting occurred spontaneously, apparently[.]" However, when village counsel sought clarification of Mr. Krueck's use of the term "spontaneously," Mr. Krueck testified that he in fact did not know how the meeting occurred. He testified, "[A]ll I know is that the meeting that had been originally set up had been cancelled and this other meeting occurred and the clerk and myself were not invited to the meeting." Mr. Krueck further testified during his deposition that another council member,

Amanda Anderson, told him that the council president had approached her on the street and asked her to come to the meeting but that she was unable to do so at the time.

{¶18} Copies of the minutes from seven village council meetings were admitted and appended to Mr. Krueck's deposition. The minutes of a regular council meeting held on September 10, 2007, state that the mayor, council president, "and others" met with Mr. McManus of Lorain County Community College "to discuss the future of the police dept."

{¶19} The Ohio Supreme Court, while recognizing the statute's purpose to prevent secret deliberations by public bodies on public issues without accountability to the public, acknowledged that the statute does not prohibit spontaneous or "impromptu hallway meetings between council members[.]" *Cincinnati Post*, 76 Ohio St.3d at 544. In this case, the Village failed to present any evidence that the acknowledged meeting between the mayor, council members, and Mr. McManus (who would ultimately become the chief of police for the Village) was merely spontaneous or impromptu in nature. Indeed, the Village's evidence (Mr. Krueck's deposition) demonstrates that council president Meilander approached another council member on the street and asked her to attend the meeting.

{¶20} Finally, the Village argued that there was no violation of the Sunshine Law because council members did not engage in "deliberations" at the meeting. The Village argued that the meeting was solely for the purpose of gathering facts in the early stages of investigating matters surrounding the status of the village police department. The only evidence of the substance of the meeting, however, was the statement in the September 10, 2007 regular council meeting minutes that the mayor and council members met with Mr. McManus "to discuss the future of the police dept." which was in disarray after criminal charges were brought against the police chief and an officer. The Village presented no evidence that this meeting was merely a

question-and-answer session. Instead, the minutes indicate that the council members present engaged in an "exchange of words, comments or ideas," by discussing the future of the village police department, i.e., public business. *See Berner* at ¶ 15. This conclusion is bolstered by additional information in village council minutes subsequent to the challenged meeting regarding the many issues continuing to arise out of the problems in the police department, e.g., a vote to accept the police chief's resignation, a later vote to accept another officer's resignation, Mr. McManus' advice and help in "get[ting] the police dept. up and running," and the ultimate designation of Mr. McManus as chief of police. Accordingly, the Village's evidence demonstrated that "the future of the police dep[artment]" was an on-going issue for discussion at council meetings.

{¶21} Based on this Court's de novo review, we conclude that the Village failed to present any evidence to demonstrate that a majority of council members had not arranged to meet for the purpose of deliberating over public business. The Village's evidence demonstrated that various council members met privately with a man with whom the Village had been consulting regarding the status of the village police department and that the group discussed the future of the police department. That no conclusive decision was reached at that meeting is immaterial. *See Berner* at ¶ 15. Moreover, the Village's evidence appended to its motion for summary judgment demonstrated that council president actively sought the attendance of a council member at the meeting prior to its occurrence. Under these circumstances, the Village failed to meet its initial burden under *Dresher* to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Accordingly, the trial court erred by granting summary judgment in favor of the Village.

{¶22} Even were we to conclude that the Village met its initial burden, we would be compelled to conclude that Mr. Krueck met his reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *Tompkins*, 75 Ohio St.3d at 449.

{¶23} Mr. Krueck appended the answers of five council members and the mayor to his response. The mayor answered that he notified Robert Meilander (president of council) "about the meeting in question[.]" Mr. Meilander answered that he called council member Dorothy Collins by telephone to ask her if she would like to meet Jim McManus from the local college after the mayor informed him that Mr. McManus was coming to Village Hall. Dorothy Collins answered that she notified council member Jeanette Leimbach by telephone about the meeting in question, and Ms. Leimbach's answer confirmed that she was so notified. Council member Carol Saccardi answered that either the mayor or the president of council called her. Although Mr. Meilander answered in the first set of interrogatories served upon him that the meeting in question did not violate R.C. 121.22 because it was "an informal, fact-finding gathering" with Mr. McManus, the documents appended to his answer to interrogatories include council minutes indicating that he and others met with Mr. McManus "to discuss the future of the police dept.," a statement which on its face indicates that the meeting may likely have been more than an informal fact-finding gathering. Accordingly, Mr. Krueck's evidence too gives rise to genuine triable issues which precluded the trial court from granting summary judgment in favor of the Village as a matter of law. Mr. Krueck's sole assignment of error is sustained.

III.

**{¶24}** Mr. Krueck's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
And cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

MARGERET O'BRYON, Attorney at Law, for Appellee.

RICHARD A. KRUECK, pro se, Appellant.