**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0242n.06

No. 13-3564

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Mar 31, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| COLLEEN CIMERMAN, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellant, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| v. | ) | |
| | ) | |
| GARY COOK, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: BOGGS, ROGERS, Circuit Judges, and STEEH, District Judge.[*]

ROGERS, Circuit Judge. Colleen Cimerman, a former criminal bailiff, sued Judge Gary Cook of the Lucas County Court of Common Pleas under the Family and Medical Leave Act ("FMLA") of 1993. Cimerman alleged that he violated her FMLA rights by refusing to let her return to work and, ultimately, terminating her after she sought to return from FMLA leave. Cimerman now appeals the district court's dismissal of her claim seeking injunctive relief against Judge Cook in his official capacity. Because state officials may be sued in their official capacities for injunctive relief to remedy violations of the FMLA self-care provision, the district court erred in dismissing Cimerman's official capacity FMLA claim seeking prospective relief against Judge Cook on the grounds that Judge Cook was "in effect, the Common Pleas Court."

---

[*] The Honorable George C. Steeh, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Starting in 1999, Cimerman worked as a bailiff for the Lucas County Court of Common Pleas and, beginning in 2004, was assigned to work as a criminal bailiff for Judge Cook. In December 2010, Cimerman took an approved medical leave pursuant to the FMLA for anxiety and depression. Cimeman alleges that on or about December 17, 2010, while she was on leave, Judge Cook called Cimerman at home and "screamed at her, demanding to know the meaning and source of her anxiety and depression." Cimerman returned to work on January 18, 2011, but was not permitted to return to her courtroom.

After two meetings with Judge Cook and Donald Colby, the Court Administrator, Cimerman was placed on paid administrative leave and stripped of her duties as criminal bailiff. Cimerman alleges that at the second meeting Judge Cook screamed at her and "lambasted [her] at length" for work Cimerman had not done before and during her FMLA leave. Cimerman alleges that at their third and final meeting, which was also attended by Cimerman's legal counsel and Jim Walters of the Lucas County Prosecutor's Office, Judge Cook accused Cimerman of not opening mail that was received during her leave and failing to process certain court items. On February, 11, 2011, Judge Cook sent Cimerman a letter terminating her employment.

Cimerman filed suit against Judge Cook, in both his official and individual capacities, under the FMLA, 29 U.S.C. § 2601 et seq. Cimerman's one-count complaint alleged that Judge Cook violated her rights under the FMLA, in particular 29 U.S.C. § 2615, by interfering with, restraining, or denying Cimerman the exercise of rights provided under the FMLA and/or retaliating against Cimerman by discharging her for asserting or otherwise exercising her rights under the FMLA. The complaint sought compensatory and liquidated damages, attorney's fees and costs, and "such

equitable relief as is proper as compensation" for her lost opportunity to engage in gainful employment.

Judge Cook moved to dismiss the claims against him in his individual capacity and official capacity, respectively. The district court granted the motion to dismiss all individual-capacity claims, as well as the official-capacity claims for monetary relief, but denied the motion insofar as the official-capacity FMLA claim sought injunctive relief.

Judge Cook moved to reconsider, arguing that he does not qualify as an FMLA employer and that this decision conflicted with another decision recently issued by the same court on the same subject, *Horen v. Cook*, 910 F. Supp. 2d 1025 (N. D. Ohio 2012), *aff'd on other grounds*, No. 12-4544, 2013 WL 5583723 (6th Cir. Oct. 10, 2013). In that case, which involved an FMLA retaliation claim for an alleged violation of FMLA family-care provisions, the district court held that a judge did not qualify as an FMLA employer because "a suit in her official capacity amounts to a suit against the court for which the judge serves" and in Ohio a court is not an entity sui juris. *Horen*, 910 F. Supp. 2d at 1028–29. The district court also determined that the plaintiff in *Horen* was not an FMLA employee. *Id.* at 1032.[1]

The district court granted Judge Cook's motion for reconsideration, vacated the portion of the court's prior decision denying Judge Cook's motion to dismiss Cimerman's official-capacity FMLA claim, and granted the motion to dismiss. The district court determined that Judge Cook is not subject to suit because, sued in his official capacity, he is, "in effect, the Common Pleas Court,"

---

[1] We affirmed the decision granting summary judgment in favor of the judge in that case. *Horen v. Cook*, 12-4544, 2013 WL 5583723 (6th Cir. Oct. 10, 2013). We held that plaintiff, a former law clerk, was a member of the judge's "personal staff" and therefore not an "employee" for FMLA purposes, and declined to address whether the judge qualified as a FMLA "employer." We thus did not address the district court's reasoning on the point at issue in this case. *Id.* at 3–6.

which cannot sue or be sued in its own right. Cimerman timely appealed the district court order granting Judge Cook's motion for reconsideration. Cimerman concedes that the district court was correct in dismissing her claims against Judge Cook in his individual capacity, and Cimerman seeks only to establish that equitable relief can be awarded against Judge Cook under the FMLA in his official capacity.

The district court's analysis does not support immunity for Judge Cook in his official capacity. "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). However, although the Eleventh Amendment bars "any suit in law or equity, commenced or prosecuted against one of the United States," *Ex parte Young* permits official capacity suits against state officials for injunctive relief to stop violations of federal law. 209 U.S. 123 (1908); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

This court has held that claims against state officials in their official capacity seeking equitable, prospective relief in the form of reinstatement to enforce their purported FMLA rights to self-care leave are permissible under the *Ex parte Young* exception to the Eleventh Amendment. *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964–66 (6th Cir. 2013); *see also* 29 U.S.C. § 2617(a)(1)(B). In *Diaz*, we explained that, even in cases against state officials involving the FMLA's self-care provision—which, unlike other FMLA provisions, did not abrogate state sovereign immunity—"[t]he Supreme Court and this Circuit barred suits *for damages* only, not for equitable relief." *Diaz*, 703 F.3d at 964. Thus, assuming as we do that Cimerman's claim falls under the FMLA's self-care provision, 29 U.S.C. § 2612(a)(1)(D), it is nonetheless clear that the

Eleventh Amendment does not bar Cimerman's claim for prospective relief against a state official, Judge Cook, in his official capacity for violations of the FMLA.

The fact that the *court* cannot sue or be sued has no bearing on Judge Cook's ability to be sued in his official capacity. The Supreme Court of Ohio has long held that the Ohio Courts of Common Pleas are not sui juris and are not eligible to sue or be sued absent specific statutory authority. *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St. 2d 120, 121 (1973). However, the theory of *Ex parte Young* distinguishes individuals from the state entity. The Supreme Court has long held that "official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. at 167 n.14). Indeed, in *Ex parte Young*, Attorney General Young was an officer of a state where the state could not be sued. *See Ex parte Young*, 209 U.S. 123 (1908).

In line with this distinction, suits against Ohio judges have been permitted to proceed when plaintiffs allege violations of the FMLA and similar statutes. In one recent case, a former security officer for the Hamilton County, Ohio Juvenile Court sued an Administrative Law Judge in her official capacity, seeking injunctive relief for a violation of the FMLA's self-care provision. There, the district court permitted the official-capacity claim to proceed against the state judge to the extent the plaintiff sought "proper prospective relief"—an injunction prohibiting further unlawful conduct and prospective reinstatement—but dismissed all other FMLA claims against the judge "to the extent [plaintiff sought] retroactive and compensatory damages." *Smith v. Grady*, 1:11-CV-328, 2013 WL 249677, at *14, *17 (S.D. Ohio Jan. 23, 2013) (noting that the juvenile court is a

subdivision of the Hamilton County Court of Common Pleas). *See also*, *Martin v. Licking Cnty. Common Pleas Court Juvenile Div.*, 2005 WL 1073367 (S.D. Ohio Apr. 22, 2005); *Stewart v. Lucas Cnty. Juvenile Court*, 2009 WL 3242053, at *4, *6 (N.D. Ohio Oct. 2, 2009).

A district court in Pennsylvania also reached the same conclusion on facts similar to this case. In *Harter v. Cnty. of Washington*, the court denied defendant's motion to dismiss an official capacity claim seeking prospective relief against the court administrator of a Pennsylvania county court of common pleas for violation of the FMLA self-care provision. CIV.A. 11-588, 2011 WL 6116461, at *4 (W.D. Pa. Dec. 8, 2011). This outcome is instructive because, like Ohio state courts, Pennsylvania state courts are not sui juris.

The FMLA creates a private right of action to seek equitable relief and money damages "against any employer (including a public agency) in any Federal or State court of competent jurisdiction." 29 U.S.C. § 2617(a)(2); *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327, 1332 (2012). Because the doctrine of *Ex parte Young* preserves the suit for equitable relief from dismissal on immunity grounds, it was error to dismiss the suit in this case simply for lack of capacity to be sued under state law.

We decline to address several alternative bases that may support dismissal of this suit. These may be considered by the district court on remand. In particular, we do not address Judge Cook's argument before us that he is not an employer under the FMLA. We also do not address whether Cimerman, as Judge Cook's court reporter, is not an eligible "employee" for FMLA purposes under the exception for "personal staff." In *Horen v. Cook*, we applied a multi-factor analysis and held that a former law clerk of a different Judge Cook was a member of the judge's "personal staff" and

thus was not covered under the FMLA. *Horen*, 2013 WL 5583723, at *4. Finally, we do not address whether the termination of an employee constitutes a "continuing violation" of federal law. "In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law." *Diaz*, 703 F.3d at 964.

The judgment of the district court is reversed and remanded for further proceedings consistent with this opinion.