[Cite as *Geauga Cty. Probate/Juvenile Court v. Geauga Cty. Aud. Office*, 2019-Ohio-2762.]

GEAUGA COUNTY
PROBATE/JUVENILE COURT

    Requester

    v.

GEAUGA COUNTY AUDITOR'S OFFICE

    Respondent

Case No. 2019-00459PQ

Judge Patrick M. McGrath

ENTRY ADOPTING REPORT
AND RECOMMENDATION

{¶1} On April 3, 2019, Kimberly Laurie, Court Administrator for requester Geauga County Probate/Juvenile Court (Probate/Juvenile Court) made public records requests to respondent Geauga County Auditor's Office (Auditor's Office). The Auditor's Office did not produce the requested records. On April 4, 2019, the Probate/Juvenile Court filed this action under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). On April 25, 2019, the Auditor's Office filed a motion to dismiss asserting, among other grounds, that requester lacked the capacity to file this action.

{¶2} The special master found there was no express statutory authority for the court to sue under the Public Records Act; instead, a public records action may only be brought by "a person" allegedly aggrieved by the failure of an office to comply with R.C. 149.43(B). R.C. 149.43(C)(1), (D)(1); R.C. 2743.75(D)(1). In the absence of express authority for the Probate/Juvenile Court to file this action in its own right, the special master concluded that it was not *sui juris*. *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973) ("Absent express statutory authority, a court can neither sue nor be sued in its own right.") The special master recommended that the court grant the motion to dismiss on this ground.

{¶3} R.C. 2743.75(F)(2) states, in part: "Either party may object to the report and recommendation within seven business days after receiving the report and

recommendation by filing a written objection with the clerk * * * ." No objections were filed by either party. The court determines that there is no error of law or other defect evident on the face of the special master's decision. Therefore, the court adopts the special master's report and recommendation as its own, including findings of fact and conclusions of law contained therein. This case is DISMISSED without prejudice. Court costs are assessed against the requester. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed June 13, 2019**
**Sent to S.C. Reporter 7/5/19**