THE STATE, EX REL. TAYLOR, JUDGE, *v.* CITY OF DELAWARE ET AL.

[Cite as State, ex rel. Taylor, *v.* Delaware (1982), 2 Ohio St. 3d 17.]

(No. 81-1290—Decided December 8, 1982.)

*Messrs. Schilder & Haines* and *Mr. Joseph W. Schilder,* for relator.

*Mr. Robert H. Coldren,* city attorney, for respondents.

*Per Curiam.* R.C. 1901.36 provides, in part:

"The legislative authority of the municipal corporation shall provide suitable accommodations for the municipal court and its officers.

"* * *

"The legislative authority shall provide for the use of the court suitable accommodations for a law library, complete sets of reports of the supreme and inferior courts and such other law books and publications as are considered necessary by the presiding judge, and shall provide for each courtroom, a copy of the Revised Code.

"* * * It [the legislative authority] shall provide all necessary form books,

dockets, books of record, and all supplies including telephone, furniture, heat, light, and janitor service, and for such other ordinary or extraordinary expenses as it considers advisable or necessary for the proper operation or administration of the court."

By the enactment of the foregoing statute, which is mandatory in its terms, the General Assembly recognized that municipal courts, as an essential part of the justice system in this state, must be given means to carry out their duties under the law. Thus, there is a clear legal duty on the part of respondents to "provide suitable accommodations" for the Delaware Municipal Court.

Respondents, in their answer, admit that the existing facilities of that court "are inadequate in many respects." Respondents state also that they are willing to comply with the statute and that, in fact, a contract has been entered into between the city and an architectural firm for a space study report of the municipal court.

Inasmuch as the facilities of the Delaware Municipal Court admittedly are not adequate and R.C. 1901.36 places a mandatory duty on respondents to provide suitable accommodations, this court concludes that the writ of mandamus should be allowed in this cause.

The court is encouraged by the efforts already undertaken by respondents to comply with the statute. Regrettably, those efforts to this time have not yielded results to satisfy the requirements of the Delaware Municipal Court.

In their answer, respondents indicate that they are willing to comply with the provisions of M. C. Sup. R. 17 "including those standards which are suggested as desirable, but not mandatory." This court, pursuant to the superintending powers over all courts in the state granted in Section 5, Article IV, of the Constitution of Ohio in 1968, adopted M. C. Sup. R. 17 in 1975. That rule is intended to provide basic guidelines for facilities of municipal and county courts. Although not all of the provisions of the rule are mandatory in character, the standards set forth in the rule should be taken into consideration in measuring the adequacy of existing court facilities and in the planning of new facilities.

Relator's request for costs and attorney's fees in this cause, being predicated upon R.C. 733.61, which provides for costs and attorney's fees in suits brought under R.C. 733.59 by taxpayers in their own name on behalf of a municipal corporation, is denied. The complaint shows on its face that the action was filed by relator in his capacity as judge of the Delaware Municipal Court. For a definition of the word "taxpayer" as used in R.C. 733.59, see *State, ex rel. Nimon,* v. *Village of Springdale* (1966), 6 Ohio St. 2d 1 [35 O.O.2d 1]; *State, ex rel. White,* v. *Cleveland* (1973), 34 Ohio St. 2d 37, 40 [63 O.O.2d 79].

In holding that the writ of mandamus should be allowed in this cause, this court is not unmindful of the present financial problems being experienced by political subdivisions in the state. Of necessity, those problems must be taken

into account by both relator and respondents in satisfying the mandatory obligations imposed by R.C. 1901.36.

*Writ allowed.*

CELEBREZZE, C.J., W. BROWN, PARRINO, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.