[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 94.]

THE STATE EX REL. HILLYER, JUDGE, APPELLEE AND CROSS-APPELLANT, *v.*
TUSCARAWAS CTY. BD. OF COMMRS. ET AL., APPELLANTS AND CROSS-
APPELLEES.

[Cite as *State ex rel. Hillyer v. Tuscarawas Cty. Bd. of Commrs.*,
1994-Ohio-13.]

*Mandamus to compel county board of commissioners to pay attorney fees of county court judge's action against board, to compel board to provide suitable court facilities for the county court, and to pay the salary of a probation officer granted, when—Mandamus to compel appropriation of budget requests for the county court and prevention of board's interference in the operation of the county court denied, when.*

(Nos. 93-473 and 93-634—Submitted April 5, 1994—Decided August 24, 1994.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Tuscarawas County,
No. 92AP090064.

––––––––––––––––––

{¶ 1} The Tuscarawas County Board of Commissioners ("board") and the Tuscarawas County Auditor, appellants and cross-appellees, appeal from a judgment by the Tuscarawas County Court of Appeals issuing a writ of mandamus on the complaint of relator Hudson Hillyer, Judge of the Tuscarawas County Court and appellee and cross-appellant, which ordered appellants to pay Judge Hillyer's attorney fees in the action, provide suitable court facilities for the county court, and pay David L. Blackwell $26,000 per year from September 26, 1991 for his position as probation officer of the county court. Judge Hillyer cross-appeals from the judgment of the court of appeals denying a writ of mandamus to compel appellants to provide reasonable and necessary funds in accordance with the judge's 1992

order and to cease impairing the daily operations and administration of the Tuscarawas County Court.

{¶ 2} From 1977 until August 20, 1991, David L. Blackwell served as probation officer for both the New Philadelphia Municipal Court and the Tuscarawas County Court. During this period, sixty percent of Blackwell's salary was paid by New Philadelphia. On August 20, 1991, Blackwell was fired by the judge of the New Philadelphia Municipal Court for failing to provide certain records. On August 21, 1991, Judge Hillyer appointed Blackwell to the position of full-time probation officer of the Tuscarawas County Court and orally informed the board of the appointment. On September 5, 1991, Judge Hillyer issued an entry reflecting his appointment of Blackwell and setting his salary at $26,200 per year. The board compensated Blackwell at the salary set by Judge Hillyer until September 26, 1991, when it stopped all payments to Blackwell.

{¶ 3} On October 3, 1991, Judge Hillyer issued another judgment entry directing the board to order the county auditor to pay the salary of Blackwell as probation officer of the county court. The board did not comply with Judge Hillyer's orders concerning payment of Blackwell as a full-time probation officer. According to Judge Hillyer, Blackwell's services as a probation officer were necessary to continue his efficient judicial administration of criminal cases, because without Blackwell, he could not order supervised probation. Blackwell supervised over three hundred persons placed on probation by the county court. Since the county jail had limited space, placing persons on probation saved the county the expense of incarcerating convicts in other jails.

{¶ 4} In correspondence in October and November 1991, the board advised Judge Hillyer that the county court budget had been exhausted, mainly due to the unwarranted appointment of Blackwell to a full-time position, noted that one county court deputy clerk should be laid off, and stated that all deputy clerks should be compensated on an hourly basis and required to fill out time cards. According

to the county court clerk, one of the county commissioners had advised her in October 1991 that the board was going to start "administering" the court. As a result of the board's contact with the court, the full-time court personnel began to work thirty-seven and a half hours a week instead of the thirty-two hours that they had previously worked. Despite the board's threats, it did not lay off any county court deputy clerks, and it funded all of Judge Hillyer's requested court personnel budget, with the lone exception of Blackwell's salary. Judge Hillyer admitted that as of 1993, aside from the disputes concerning suitable court facilities and Blackwell, the board was not interfering with the orderly operation of his court.

{¶ 5} Judge Hillyer testified that the existing county court facilities were inadequate for several reasons, including the following: (1) it was difficult to separate opposing witnesses due to limited space, (2) counsel were required to take their clients outside to discuss confidential matters, (3) the courtroom was too small to hold all defendants and spectators when he held traffic court, (4) there was no waiting room for jurors, (5) the court furniture was old and insufficient, (6) there was no private access from his chambers to the courtroom, (7) there was no jury room, (8) there was no consultation room for attorneys and clients, and (9) the facilities did not comply with M.C. Sup.R. 17. The commissioners admitted that the courtroom facilities were crowded, not very good, and did not comply with M.C.Sup.R. 17.

{¶ 6} The parties attempted to mediate their dispute, with the aid of the county prosecutor, but to no avail. On June 2, 1992, Judge Hillyer entered a judgment which ordered the board to immediately release the funds requested for operation of the court and to resolve the problems of inadequate space and intolerable conditions. On September 4, 1992, Judge Hillyer brought this mandamus action against appellants in the court of appeals. The county prosecutor filed an answer on behalf of appellants. The board had previously refused to appropriate funds for Judge Hillyer to obtain independent counsel to file the

mandamus action. The prosecutor withdrew his representation of appellants and filed a notice in the court of appeals that he represented none of the parties to the action.

{¶ 7} On December 17, 1992, the court of appeals issued a writ of mandamus compelling the board to apply to the Tuscarawas County Court of Common Pleas pursuant to R.C. 305.14(A) for the appointment of counsel for Judge Hillyer on terms to be fixed by the common pleas court. The prosecutor prepared a proposed judgment entry, but the board failed to sign it and instead submitted its own application in the common pleas court "under protest," requesting a hearing on the necessity of the appointment of private counsel and other issues. On January 8, 1993, the court of appeals vacated its prior entry because of the board's failure to comply with it by seeking "to raise issues [in the common pleas court] already litigated" in the court of appeals. The court issued an order finding that Judge Hillyer was entitled to the appointment of independent counsel, who would be compensated by appellants in an amount not to exceed $12,500 unless modified by the court.

{¶ 8} The remaining claims were subsequently considered by the court of appeals and on March 1, 1993, it issued a writ of mandamus which (1) reaffirmed its prior order by directing appellants to pay Judge Hillyer's attorney fees and costs, (2) ordered respondents to provide suitable court facilities for the Tuscarawas County Court consistent with the guidelines set forth in M.C.Sup.R. 17, and (3) ordered respondents to pay David L. Blackwell $26,000 per year from September 26, 1991 plus interest and to recognize Blackwell as the "duly authorized and employed probation officer" of Judge Hillyer. The court of appeals further denied Judge Hillyer's claims for a writ of mandamus ordering appellants to, *inter alia*, meet his 1992 budget request and cease interfering with the operations of the Tuscarawas County Court.

4

**{¶ 9}** This cause is before the court upon an appeal and cross-appeal from the judgment of the court of appeals.

———————————

*Richard L. Stephenson* and *James M. Carrothers*, for appellee and cross-appellant.

*Syler, Redinger, Traver & Fox* and *Thomas W. Fox*, for appellants and cross-appellees.

———————————

***Per Curiam***.

**{¶ 10}** Appellants' propositions of law attack the court of appeals' issuance of a writ of mandamus on the claims of Judge Hillyer for (1) attorney fees, (2) suitable court facilities, and (3) appropriation of funds for probation officer. In his cross-appeal, Judge Hillyer asserts that the court of appeals erred in denying his claims for a writ of mandamus for (1) appropriation of budget requests for the county court, and (2) prevention of the board's interference in the operation of the county court.

**{¶ 11}** In order to be entitled to a writ of mandamus, the relator must establish (1) that he/she has a clear legal right to the relief prayed for, (2) that respondent has a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Manson v. Morris* (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233-234, citing *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 51, 451 N.E.2d 225, 226. The issue presented in this court is whether the court of appeals, in granting the writ of mandamus as to some of Judge Hillyer's claims and refusing to issue the writ of mandamus on Judge Hillyer's remaining claims, committed an abuse of discretion. *State ex rel. Heath v. Ohio State Med. Bd.* (1992), 64 Ohio St.3d 186, 187, 593 N.E.2d 1386, 1387, citing *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d 429, 430, 575

N.E.2d 181, 183. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181, 1184.

## ATTORNEY FEES

{¶ 12} Appellants contend in their first and second propositions of law that the court of appeals usurped the authority of the common pleas court by appointing independent counsel to Judge Hillyer in his mandamus action against appellants and awarding attorney fees to Judge Hillyer. The court of appeals' March 1, 1993 entry ordered appellants to pay Judge Hillyer's attorney fees but gave the parties "two weeks leave to determine and fix" the attorney fees before the court would determine the fees based upon statements received from the parties.

{¶ 13} R.C. 305.14(A) provides:

"The court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity."

"Application by both the prosecuting attorney and the board of county commissioners is a prerequisite to authorization by a court of common pleas pursuant to R.C. 305.14 of appointment of other counsel to represent a county officer, except where the prosecuting attorney has a conflict of interest and refuses to make application." *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 20 O.O.3d 388, 423 N.E.2d 105, paragraph one of the syllabus. In those cases where the prosecuting attorney has a conflict of interest and refuses to make the

application, mandamus will lie to compel the application because the failure to apply constitutes an abuse of discretion. *State ex rel. Stamps v. Automatic Data Processing Bd. of Montgomery Cty.* (1989), 42 Ohio St.3d 164, 167, 538 N.E.2d 105, 108-109. Here, the prosecutor previously attempted to mediate the dispute between the parties and had also represented appellants in the same action by filing an answer on their behalf. Additionally, the prosecutor would have had an arguable conflict of interest precluding his representation of Judge Hillyer in the matter. See, *e.g.*, DR 5-101(A) and 5-105(A); EC 5-20. The board had previously refused to make the application to the court of common pleas.

{¶ 14} Pursuant to *Corrigan* and *Stamps*, the court of appeals properly ordered the board to make the application. However, the board failed to comply with that order when it refused to file the proposed entry prepared by the prosecutor and instead filed an application in the common pleas court which challenged the court of appeals' determination. Under these circumstances, and where it appeared that any further writ ordering the proper application would involve considerable delay because of the recusal of the assigned common pleas court judge, the court of appeals appropriately appointed independent counsel for Judge Hillyer itself. Consequently, although the court of appeals would normally lack authority to do so, the board's failure to comply with the initial writ vested the court with the power to bypass the normal statutory procedure. Therefore, the court of appeals did not abuse its discretion by awarding attorney fees to Judge Hillyer.

## SUITABLE COURT FACILITIES

{¶ 15} In their third proposition of law, appellants contend that the court of appeals erroneously elevated M.C.Sup.R. 17, entitled "Court Facility Standards," to a mandatory status. R.C. 1907.19 provides that the "board of county commissioners shall provide for each county court judge in the county *suitable court and office space and all materials necessary for the business of the court*, including a current set of the Revised Code." (Emphasis added.) The statute does

not define "suitable" or "necessary." However, in interpreting an analogous duty on the part of the legislative authorities of municipalities to provide "suitable accommodations" for municipal courts, the court has noted that M.C.Sup.R. 17 is "intended to provide basic guidelines for facilities of municipal and county courts." *State ex rel. Taylor v. Delaware* (1982), 2 Ohio St.3d 17, 18, 2 OBR 504, 505, 442 N.E.2d 452, 454. Therefore, "[a]lthough not all of the provisions of the rule are mandatory in character, the standards set forth in the rule should be taken into consideration in measuring the adequacy of existing court facilities." *Id.*

{¶ 16} The court of appeals considered the M.C.Sup.R. 17 standards in measuring the suitability of the county court facilities. Contrary to appellants' contentions on appeal, the court of appeals did not appear to consider these standards to be mandatory requirements but merely utilized them to decide the factual issue of whether the county court facilities were suitable. See, *e.g.*, *State ex rel. Finley v. Pfeiffer* (1955), 163 Ohio St. 149, 56 O.O. 190, 126 N.E.2d 57, paragraph two of the syllabus (necessity of court space constitutes a question of fact); 1987 Ohio Atty.Gen.Ops. No. 87-039 (whether the use of certain appliances is necessary for the proper and efficient operation of a court is a question of fact). As this court noted in *Taylor*, the consideration of M.C.Sup.R. 17 in this inquiry is appropriate.

{¶ 17} As to its factual determination that the existing court facilities were not suitable, reviewing courts will not reverse judgments supported by some competent, credible evidence. *Eberly v. A-P Controls, Inc.* (1991), 61 Ohio St.3d 27, 30, 572 N.E.2d 633, 635; *State ex rel. Shady Acres Nursing Home, Inc. v. Rhodes* (1983), 7 Ohio St.3d 7, 8-9, 7 OBR 318, 320, 455 N.E.2d 489, 491; see, also, R.C. 2731.09 (issues of fact in mandamus actions must be tried in the same manner as in civil actions). Judge Hillyer testified that the facilities were inadequate and the commissioners admitted that the courtroom was crowded, not very good, and did not comply with M.C.Sup.R. 17 (including some of its

8

mandatory provisions, *e.g.*, M.C.Sup.R. 17[F] requiring that each courtroom equipped to hear jury trials have a soundproof jury deliberation room). The court of appeals' factual determination is supported by sufficient evidence and we will not substitute our judgment for that of the court of appeals. Thus, the court of appeals did not err in issuing a writ of mandamus compelling the board to provide suitable facilities consistent with M.C.Sup.R. 17.

## PROBATION OFFICER

{¶ 18} Appellants contend in their fourth proposition of law that since the General Assembly has not specifically granted county court judges the authority to appoint probation officers as it has to common pleas and municipal judges, Judge Hillyer lacked authority to appoint Blackwell as probation officer.

{¶ 19} R.C. 1907.18(B) provides:

"County court judges may punish contempts, and exercise powers necessary to give effect to the jurisdiction of the court and to enforce its judgments, orders, and decrees, as provided in this chapter or, in the absence of a provision in this chapter, in a manner authorized by the Revised Code or common law for the judges of the courts of common pleas."

{¶ 20} R.C. 2301.27 allows courts of common pleas to appoint probation officers, fix their salaries, and supervise their work.

{¶ 21} Judge Hillyer testified that Blackwell, in his appointed position as full-time probation officer, was absolutely necessary to the efficient operation of the court and made it possible to enforce judgments in criminal cases where supervised probation was ordered. The evidence further indicated that $26,000 per year was a reasonable salary. Consequently, the court of appeals properly determined, pursuant to R.C. 1907.18(B) and 2301.27, that Judge Hillyer possessed the authority to hire Blackwell, and was entitled to the issuance of writ ordering appellants to pay Blackwell back pay and interest, and to appropriate funds for his continued employment.

CROSS-APPEAL

**{¶ 22}** Judge Hillyer asserts that the court of appeals abused its discretion in denying his claims for mandamus concerning appropriation of budget requests for his court and the prevention of the board's interference with the operation of the court.

**{¶ 23}** In a mandamus action, "a court is not limited to considering facts and circumstances at the time a proceeding is instituted, but should consider the facts and conditions at the time it determines whether to issue a peremptory writ." *Oregon v. Dansack* (1993), 68 Ohio St.3d 1, 4, 623 N.E.2d 20, 22. Judge Hillyer acknowledged that aside from the claims he ultimately prevailed on, *i.e.*, suitable court facilities and the propriety of Blackwell's employment, the board had fully complied with his budget requests and had not interfered with his court's operations following the various threats made by the board in 1991. Therefore, since it appeared that the board had actually complied with Judge Hillyer's requests on these matters and had not acted upon its threats, Judge Hillyer established no clear legal duty on the part of the board to provide the requested relief. Additionally, to the extent that Judge Hillyer requested prospective relief from future interference, mandamus is not granted to take effect prospectively. *State ex rel. Martinelli v. Corrigan* (1994), 68 Ohio St.3d 362, 363, 626 N.E.2d 954, 955, citing *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph two of the syllabus.

**{¶ 24}** Furthermore, we agree with the court of appeals that R.C. 1907.20 gives the board control over the county clerk's office where the clerk has been appointed. R.C. 1907.20 provides:

"(A) The clerk of courts shall be the clerk of the county court, except that the board of county commissioners, with the concurrence of the county court judges, may appoint a clerk for each county court judge, who shall serve at the pleasure of the board and shall receive compensation as set by the board * * *.

"* * *

"(E)(1) In county court districts having appointed clerks, deputy clerks may be appointed by the board of county commissioners. Clerks and deputy clerks shall receive such compensation payable in semimonthly installments out of the county treasury as the board may prescribe. * * *"

{¶ 25} Since the General Assembly has placed discretion over appointed county court clerks and deputy clerks in the board, Judge Hillyer is not entitled to an automatic appropriation of the requested salaries even if those requests are reasonable. See, *e.g.*, *State ex rel. Donaldson v. Alfred* (1993), 66 Ohio St.3d 327, 330, 612 N.E.2d 717, 720; *State ex rel. Musser v. Massillon* (1984), 12 Ohio St.3d 42, 45, 12 OBR 36, 38, 465 N.E.2d 400, 402; *State ex rel. Durkin v. Youngstown City Council* (1984), 9 Ohio St.3d 132, 134, 9 OBR 382, 384, 459 N.E.2d 213, 215. Under R.C. 1907.20(A) and (E), the clerks and deputy clerks of the county court serve at the pleasure of the board; consequently, the board may reasonably control the operation of the county clerk's office.

{¶ 26} To the extent that Judge Hillyer claims that the board's statutorily authorized control over the clerk's office would violate the separation of powers doctrine, there is no evidence that the board has encroached upon the court's authority in this context. See *State v. Warner* (1990), 55 Ohio St.3d 31, 564 N.E.2d 18, paragraph one of the syllabus ("commissioning of a special prosecutor is a constitutional exercise of legislative power when the General Assembly has conferred the powers of appointment, removal and supervision on the state Attorney General"). In the case at bar, the board has not even laid off any employee of the county clerk's office and has appropriated all amounts requested for that office although it could have done otherwise pursuant to R.C. 1907.20, absent an abuse of its discretion. The court of appeals did not abuse its discretion in denying the requested mandamus relief on these claims.

{¶ 27} Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.

———————————