OPINION
{¶ 1} Joshua Calhoun initiated proceedings to obtain custody of his child, Ashton Calhoun. He attempted to serve the mother of the child, Jennifer Brown, by publication after failing to obtain service at her former residence in Dayton. Jennifer Brown was not made aware of this action, and, accordingly, did not appear at the hearing before the magistrate in the case. The magistrate found in favor of Joshua, and the trial court, the Juvenile Court of Montgomery County, Ohio, adopted the decision granting custody to Joshua.
 {¶ 2} Joshua, accompanied by a policeman, promptly appeared at the door of Jennifer's current residence, 532 Cross Avenue, Findlay, Ohio, and proceeded to remove the child from the residence of Jennifer. On the evidence in the record, this is the first time that Jennifer became aware of the litigation initiated by Joshua.
 {¶ 3} Jennifer retained counsel and was able to timely file objections to the magistrate's decision, one of which was failure of service. The court made the following ruling on Jennifer's objections:
 {¶ 4} "This matter is before the Court pursuant to Defendant's objection to the Magistrate's Decision and Judge's Order, filed herein on June 3, 2002. The Magistrate's Decision was filed on May 20, 2002. Thus, the objection is timely filed with this Court pursuant to Juv.R. 40(E)(3)(a). An Affidavit in Support of Motion for Stay and Return of Child by Jennifer Brown, a Motion for Stay of Proceedings and Return of Child, Objections to the Magistrate's Decision and Judge's Order of May 20, 2002, and Motion for Leave to File Supplemental Objection were filed on June 3, 2002. Defendant filed Supplemental Memorandum on December 2, 2002. On October 7, 2002, this Court requested legal memoranda from Plaintiff and Defendant on issues of jurisdiction and service to be filed with this Court within fourteen (14) days. Both parties have replied.
 {¶ 5} "Defendant asserts she did not receive notice of the custody proceedings. Upon a careful review of the record, this court finds that Defendant did not receive proper notice. Additionally, Plaintiff's Affidavit appears to be defective considering the evidence. Specifically, Defendant's address was known or ascertainable by Plaintiff. Defendant notified the U.S. Postal Service of her change of address. The Court was notified of this change of address by the Post Office on February 28, 2002. Defendant was issued service to a known defective address, resulting in her failure to receive proper notice. Therefore, this Court SUSTAINS Defendant's objection.
 {¶ 6} "This Court hereby SUSTAINS Defendant's objection. The Magistrate's Decision is hereby VACATED upon receipt of this Entry and Order. Furthermore, this Court orders the child returned to the Defendant with all due haste.
 {¶ 7} "This Court hereby adopts this Entry and Order as its own."
 {¶ 8} On appeal, Joshua asserts through his counsel that the court made its ruling based only upon the statements of Jennifer's attorney, and not therefore upon any evidence. Joshua is mistaken, however. We have carefully reviewed the entire record, and we find verified evidence from Jennifer that Joshua indeed knew where she was living and apparently deliberately feigned lack of such knowledge and in the end attempted to effect service by publication in Montgomery County, knowing full well that she was not in Montgomery County and, in fact, knowing what county she was in. Furthermore, as the court noted, Jennifer had notified the U.S. postal service of her change of address, and the court itself received such notice. Finally, we note that Joshua during his testimony at the magistrate's hearing (which Jennifer was not aware of) admitted that: "The child, I got suspicions that he is living right now with his grandmother in Findlay, Ohio," but he never attempted to serve that location in Findlay, which is where Jennifer and her son were actually living with her mother at the time.
 {¶ 9} As has been stated by the Supreme Court of Ohio, "reviewing courts will not reverse judgments supported by some competent, credible evidence." State ex rel v. Tuscarawas Cty. (1994), 70 Ohio St.3d 94, 99. Our review of the record in this case has convinced us that the Juvenile Court's decision finding lack of service is amply supported by the evidence, and is, therefore, affirmed.
 {¶ 10} We note that the trial court suspended the execution of its decision pending this appeal. This appeal having been now determined, we recognize that the suspension is no longer in effect, and we reinstate the court's original decision ordering the child returned to Jennifer "with all due haste." Decision, Dec. 18, 2002.
BROGAN, J. and WOLFF, J., concur.