[Cite as *Stark Cty. Treasurer ex rel. Ferrero v. Stark Cty. Court of Common Pleas*, 2011-Ohio-433.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STARK COUNTY TREASURER EX REL. JOHN D. FERRERO, STARK COUNTY PROSECUTING ATTORNEY, ET AL. | JUDGES:<br>Hon. Julie A. Edwards, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| Relators | |
| -vs- | Case No. 2010CA00237 |
| STARK COUNTY COURT OF COMMON PLEAS, ET AL. | |
| Respondents | O P I N I O N |

CHARACTER OF PROCEEDING:     Writ of Prohibition/Mandamus

JUDGMENT:     Denied

DATE OF JUDGMENT ENTRY:      January 31, 2011

APPEARANCES:

For Relators                                      For Respondents

JOHN D. FERRERO                          PERICLES G. STERGIOS
Stark County Prosecutor                   Two James Duncan Plaza
                                                       Massillon, OH  44646
ROSS A. RHODES
AMY A. SABINO                               For Intervenor Gary D. Ziegler
110 Central Plaza, South
Suite 510                                        JOSEPH E. CIRIGLIANO
Canton, OH  44702                          MATTHEW W. NAKON
                                                       AMY L. DELUCA
                                                       35765 Chester Road
                                                       Avon, OH  44011-1262

                                                       DENNIS R. THOMPSON
                                                       CHRISTY B. BISHOP
                                                       2719 Manchester Road
                                                       Akron, OH  44319

*Farmer, J.*

{¶1}    This matter comes before this court as an original action in prohibition and mandamus, requesting an order that would preclude respondents, Stark County Court of Common Pleas and the Honorable H. F. Inderlied, Jr., from maintaining and enforcing a valid order to pay the attorney fees of intervenor, Gary Zeigler.

{¶2}    There are two relevant actions pending in the Stark County Court of Common Pleas involving the litigants in the case at bar.  The first case filed is an action to recoup funds from intervenor Gary Zeigler due to employee theft which occurred while intervenor was Stark County Treasurer.  The second case was filed by intervenor as a declaratory judgment action wherein intervenor sought to have the statute authorizing the removal of a treasurer from office declared unconstitutional.  Prior to the filing of the declaratory judgment action, intervenor moved respondent to appoint him counsel in the recoupment case because intervenor could not be represented by the Stark County Prosecutor's Office due to a conflict of interest.

{¶3}    The order for the appointment of counsel relates solely to the recoupment action (Common Pleas Case No. 2010CV02773).  The underlying declaratory judgment action (Common Pleas Case No. 2010CV03025) contains no such order for appointed counsel.  The specific court order states the following:

{¶4}    "The Court further finds, upon consideration, that defendant Zeigler is entitled to appointed counsel in this case, pursuant to R.C. 305.14, 309.09, and 2744.07(A)(1).  See also *Whaley v. Franklin Cty. Bd. of Commrs.,* 92 Ohio St.3d 574, 2001-Ohio-1287.  To require the procedure contemplated by R. C. 305.14 would be an exercise in futility given the obligation under R.C. 2744.07(A)(1) and the *Whaley*

decision and in light of plaintiff's position as expressed in the within motion and briefs in support thereof."

{¶5} We note the declaratory judgment action was consolidated with the recoupment action on August 20, 2010, after the appointment of counsel in Case No. 2010CV02773.

{¶6} In the agreed stipulations filed sub judice, we find the following pertinent facts:

{¶7} "2. Gary D. Zeigler, at all times relevant to the Recoupment Action, was a public official/county officer pursuant to Ohio Revised Code Chapter 321 and R.C. 309.09.

{¶8} "3. The claims against Gary D. Zeigler in the Recoupment Action stem from a theft of funds from the Stark County treasury. The claims instituted by Relators arise from R.C. 9.39, 321.02, 321.04, 321.37 and the common law of Ohio.

{¶9} "4. A prosecuting attorney cannot represent multiple adverse parties where the representation would involve the assertion of a claim by one client against another client represented by the prosecuting attorney in the same proceeding. R. Prof. Conduct 1.7(c)(2).

{¶10} "5. Neither the Stark County Prosecuting Attorney, nor the Stark County Board of County Commissioners made any application to the trial court for appointment of counsel for Zeigler."

**WRIT OF PROHIBITION**

{¶11} Relators claim the trial court lacked authority to order the payment of appointed attorney fees because the statutory framework of R.C. 309.09(A) and 305.14(A) was not followed relative to the procedure for appointed counsel.

{¶12} In order for this court to issue a writ of prohibition, three conditions must be met:

{¶13} "(1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy; (3) the exercise of such power must amount to an unauthorized usurpation of judicial power."  *State ex rel. Northern Ohio Telephone Co. v. Winter* (1970), 23 Ohio St.2d 6, 8.

{¶14} Further, in *Kelley, Judge v. State ex rel. Gellner* (1916), 94 Ohio St. 331, 341, the Supreme Court of Ohio stated the following:

{¶15} "*In all cases* where an inferior court has jurisdiction of the matter in controversy and keeps within the limits prescribed by law for its operation, the superior court should refuse to interfere by prohibition, for it should not consider whether the court below *erred in the exercise of its powers, since it has nothing to do with the correctness of the rulings of the inferior court but only with its exercise of jurisdiction.*" (Emphasis added.)

{¶16} In the joint stipulation of facts submitted by the parties, the parties agreed the recoupment complaint was filed while intervenor was Stark County Treasurer, and the recoupment action is for monies lost while intervenor was the treasurer.  Relators

original action at paragraph four also claimed the same. Therefore, intervenor was a public official entitled to representation.

{¶17} Although relators now claim they had no duty to defend because intervenor was not a defendant who was acting in a good faith, well-intended attempt to carry out his official duties or responsibilities, this argument was not addressed to the trial court and in fact was refuted by relators' own arguments made contra to the appointment of counsel:

{¶18} "It cannot be said that he has acted in bad faith or was not well intentioned; however, neither can it be said that he has 'acted' at all with respect to his underlying liability, and so it is difficult to conclude that the liability arises from 'a good faith, well-intended attempt to carry out official duties or responsibilities.' " Plaintiffs' Motion for Relief from Judgment or Order and for Reconsideration of Appointment of Counsel filed August 10, 2010 at 3. See also, Relators' Merit Brief filed October 14, 2010 at 11.

{¶19} Relators contend only the prosecuting attorney and the board of county commissioners may make a request for appointed counsel upon their determination that a need exists for appointed counsel. It is undisputed that an application pursuant to R.C. 305.14(A) was not made to the trial court by the prosecuting attorney and the board of county commissioners.

{¶20} As noted by our brethren from the Eighth District in *State ex rel. Dreamer v. Mason,* Cuyahoga App. No. 93949, 2010-Ohio-4110, ¶31-32, the procedural nature of the statute may be waived when there is a clear conflict:

{¶21} "However, courts have carved out an exception to the rule mandating a proper application under R.C. 305.14 before authorization of outside counsel. When the prosecuting attorney has a conflict of interest and fails to apply for the appointment of outside counsel when there is a duty to defend, 'this joint application is not a prerequisite to a trial court's authorization of outside counsel.' *State ex rel. Trumbull Cty. Bd. of Elections v. Trumbull Cty. Bd. of Commrs.,* Trumbull App. No. 2009 TR 85, 2010-Ohio-2281, 2010 WL 2026075, at ¶21. In *Seminatore,* the Ohio Supreme Court held that the prosecutor's or board of commissioners' failure to make this application when a conflict of interest exists constitutes an abuse of discretion, and mandamus is an appropriate remedy to compel action. *Seminatore* at 463-464, 20 O.O.3d 388, 423 N.E.2d 105. In such circumstances, the joint application may be ordered, or a court of common pleas may directly appoint legal counsel to represent the county officer. *State ex rel. Jefferson Cty. Children Servs. Bd. v. Hallock* (1986), 28 Ohio St.3d 179, 182-183, 28 OBR 269, 502 N.E.2d 1036; *State ex rel. Hillyer v. Tuscarawas Cty. Bd. of Commrs.* (1994), 70 Ohio St.3d 94, 637 N.E.2d 311.

{¶22} "Our analysis of R.C. 305.14 does not end, however, with compelling or bypassing the joint application to the trial court. A prosecutor is authorized to advise or represent a county officer pursuant to R.C. 309.09(A) after the good-faith and well-intended determination is reached. It follows then, that to authorize outside counsel to advise or represent a county officer, that same good-faith and well-intended evaluation must take place. Common sense dictates that a party other than a prosecutor with a conflict of interest should make this determination. In interpreting R.C. 305.14(A), we find that the General Assembly intended the court to play this role. 'The court of

common pleas****may authorize* the board [of commissioners] to employ legal counsel to assist***[a] county officer in any matter of public business***and in the prosecution or defense of any action***in which***[the] officer is a party or has an interest, in its official capacity.'   (Emphasis added.)   R.C. 305.14(A).   Therefore, under R.C. 305.14(A), authorization of outside counsel when a conflict of interest exists is at the court's discretion, insomuch as the court must make a good-faith, well-intended determination."

{¶23}  Given the above analysis, we find the trial court's action was not an unauthorized usurpation of judicial power.  Therefore, we find a writ of prohibition does not lie sub judice.

## WRIT OF MANDAMUS

{¶24}  Relators also claim they are entitled to a writ of mandamus.

{¶25}  "In order for this court to issue a writ of mandamus, relators must establish that they have a clear legal right to the requested relief, respondents have a clear legal duty to perform the requested relief, and there is no adequate remedy at law.  *State ex rel. Eshleman v. Fornshell,* 125 Ohio St.3d 1, 2010-Ohio-1175, 925 N.E.2d 609, ¶20. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear*. State ex rel. Williams v. Brown* (1977), 52 Ohio St.2d 13, 15, 6 O.O.3d 79, 368 N.E.2d 838."  *State ex rel. Dreamer,* supra, at ¶11.

{¶26}  Relators attempt to justify the mandamus action by claiming the need for extraordinary relief:

{¶27}  "Relators filed the instant action because there is a very real possibility that fees in this case could not only negate the value of any public funds recovered in

the lawsuit but will also deepen the budget crisis the county is already experiencing." Relators' Merit Brief at 16.

{¶28} In its August 27, 2010 order, the trial court specifically addressed these concerns:

{¶29} "Interestingly, this Court conditioned the appointment of counsel for defendant Zeigler on the provision of '*reasonable and necessary attorney fees and expenses*' only. No fees will be approved that don't meet that criteria. Naming 5 attorneys does not mean that 5 attorneys will be allowed to charge for the same work. In fact, doing so would be both unreasonable and unnecessary."

{¶30} It is the gist of relators' argument that once fees are awarded, it will be impossible to maintain a meaningful appeal. We disagree with this argument and find to assume such a position is to argue that appeals are worthless. Although relators' argument may be politically palatable to the public, it does not give rise to a finding that there does not exist an adequate remedy at law.

{¶31} We concede the consolidation of the complaints leads to initial confusion. However, it will be the final and ultimate duty of the trial court to segregate the costs of the proceedings as they pertain to judgments and findings against intervenor as the duly elected county treasurer and/or any personal liability in intervenor's non-elected capacity as the guarantee of a performance bond.

{¶32} Relators have never argued in their filings or in their various arguments to the trial court or this court that intervenor personally benefited or obtained any gain. Intervenor's role as a defendant in the recoupment action is a result of his elected

position, guarantee on his own security bonds, or under his obligations pursuant to R.C. 9.39 and 117.01(E).  (Fourth Claim for Relief, Complaint filed July 28, 2010).

{¶33}  Because the trial court has made no specific monetary award of attorney fees, we find relators filing is premature and a direct appeal on the issue after the award of attorney fees is an adequate remedy at law.   The requests for a Writ of Prohibition/Mandamus are denied.

By Farmer, J.

Edwards, P.J. and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ Julie A. Edwards_____

_s/ Patricia A. Delaney_____

                                        JUDGES

SGF/as 1214

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STARK COUNTY TREASURER          :
EX REL. JOHN D. FERRERO, STARK  :
COUNTY PROSECUTING ATTORNEY,    :
ET AL.                          :
                                :
        Relators               :
                                :
-vs-                            :         JUDGMENT ENTRY
                                :
STARK COUNTY COURT OF           :
COMMON PLEAS, ET AL.            :
                                :
        Respondents            :         Case No. 2010CA00237


       For the reasons stated in our accompanying Memorandum-Opinion, the requests

for a Writ of Prohibition/Mandamus are denied.  Costs to relators.


                                    _s/ Sheila G. Farmer_____


                                    _s/ Julie A. Edwards_____


                                    _s/ Patricia A. Delaney_____

                                            JUDGES