# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FLOYD WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N20M-06-074 CLS |
| SCOTT T. PHILLIPS, NCC Sheriff | ) | |
| Officially and Individually | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Decided: February 26, 2021

*Upon Scott T. Phillips' Motion to Dismiss*
**GRANTED.**

## <u>ORDER</u>

Floyd White, *Pro Se*.

Nicholas J. Brannick, New Castle County Government Center, New Castle, Delaware, Attorney for Defendant Scott T. Phillips.

**SCOTT, J.**

Before the Court is Defendant Scott T. Phillips ("Mr. Phillips") Motion to Dismiss Plaintiff Floyd White's ("Mr. White") Petition for Writ of Mandamus (the "Petition") pursuant to Superior Court Civil Rule 12(b)(6).

The Court's review of the record shows that Mr. White has failed to state a claim upon which relief can be granted. Therefore, Mr. Phillips' Motion to Dismiss Mr. White's Petition is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Mr. White is a judgment creditor of John S. Donahue IV ("Mr. Donahue"), among others. This Court issued a final judgment in the amount of $404,811.25 (the "Judgment") in favor of Mr. White. On March 3, 2020, Mr. White filed a praecipe requesting *Fieri Facias* ("Fi. Fa.") in satisfaction of the Judgment.

On March 11, 2020, the Centers for Disease Control and Prevention determined that COVID-19 had caused a global pandemic. On March 12, 2020, Governor John Carney issued an emergency declaration (the "Emergency Declaration") due to COVID-19. Under the Sixth Modification to the Emergency Declaration, signed on March 24, 2020, residential foreclosure sales under 10 *Del. C.* Section 4974 were stayed. That stay remained in effect until June 30, 2020.

Mr. White's Fi. Fa. writ attached to real property[1] (the "Property") owned by Mr. Donahue. On April 4, 2020, Mr. White requested Mr. Phillips to sell the Property. On October 13, 2020, the Property was sold to IBDB 19 LLC for $75,000.

## II. PARTIES' CONTENTIONS

In his Petition for Writ of Mandamus, Mr. White argues that: (1) the Sheriff unjustifiably refused to sell the Property under Fi. Fa.; (2) the Sheriff's Sale was conducted in violation of 10 Del. C. Section 4974; and (3) a Writ of Mandamus is necessary to prevent irreparable harm.

As a result, Mr. White requests this Court to: (1) order the Sheriff to sell the Property "pursuant to 10 Del. C. Section 4974 and under Fi. Fa without a vend Ex. Being issued;" (2) "[o]rder the Sheriff to obey 10 Del. C. Section 4974 in all future sales and notify and disclose to any party of a previous sale if the sale was conducted improperly;" and (3) extend the return date of the Fi. Fa. to August 31, 2020 in light of the Sheriff's alleged disobedience and the Governor's Emergency Order due to the COVID-19 pandemic.

In his Motion to Dismiss, the Sheriff argues that: (1) Mr. White's request for an order by this Court directing the Sheriff to sell the Property is moot because the Property was sold at the October 13, 2020 Sheriff's Sale; (2) Mr. White's request for an order by this Court directing the Sheriff to obey Section 4974 in all future

---

[1] Located at 1810 Sycamore Street, Wilmington, DE 19805.

2

sales and notify and disclose to any party of a previous sale of the sale was conducted improperly fails all criteria required for issuance of a writ of mandamus; and (3) although the Property was sold after the return date on the Fi. Fa., there is no basis for Mr. Donahue to challenge the sale because the levy occurred through the Inventory.

As a result, the Sheriff requests that this Court dismiss the Petition with prejudice.

## III. STANDARD OF REVIEW

Delaware courts have consistently applied the Civil Rule 12(b)(6) legal standard when considering motions to dismiss writ of mandamus petitions.[2] "In deciding a motion to dismiss with respect to a petition for a writ of mandamus, this Court must consider the standards a party must meet in obtaining a writ."[3]

A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty.[4] The issuance of a writ is discretionary and not a matter of right.[5] Before a writ is issued, "the [p]etitioner must demonstrate that: he [or she]

---

[2] *See Shah v. Coupe*, 2014 WL 5712617, *1 (Del. Super. Nov. 3, 2014); *Pinkston v. DE Dept. of Corr.*, 2013 WL 6439360, *1 (Del. Super. Dec. 4, 2013).
[3] *Caldwell v. Justice of the Peace Court No. 13*, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015).
[4] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015).
[5] *Shah*, 2014 WL 5712617, at *1.

has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[6] A nondiscretionary or ministerial duty must be "prescribed with such precision and certainty that nothing is left to discretion or judgment."[7] "The petitioner must also show that the agency has failed to perform its duty and that no other remedy is available."[8] The petitioner is not entitled to a writ of mandamus if the duty is discretionary, the right is doubtful, the power to perform the duty is inadequate or wanting, or if any other adequate remedy exists.[9]

## IV.  DISCUSSION

First, Mr. White asks this Court, through his Petition for Writ of Mandamus, to direct the Sheriff to sell the Property pursuant to 10 Del. C. Section 4974 and under Fi. Fa. without a Venditioni Exponas being issued. Without setting aside the sale, the Court cannot compel the Sheriff to sell the Property if it has already been sold. This request is moot.

Second, Mr. White asks this Court to order the Sheriff to obey Section 4974 in all future sales and notify and disclose to any party of a previous sale if the sale was conducted improperly. A nondiscretionary or ministerial duty must be

---

[6] *Nicholson v. Taylor*, 882 A.2d 762 (TABLE), 2005 WL 2475736, *2 (Del. 2005); *see also Brittingham*, 113 A.3d 519 (Del. 2015).
[7] *Id.*
[8] *Pleasonton v. Hugg*, 2010 WL 5313228, at *1 (Del. Super. Ct. Nov. 29, 2010).
[9] *Pinkston*, 2013 WL 6439360, at *1.

4

"prescribed with such precision and certainty that nothing is left to discretion or judgment."[10] "The petitioner must also show that the agency has failed to perform its duty and that no other remedy is available."[11] Mr. White has not prescribed with precision the duty to be enforced by a writ of mandamus from this Court.

This Court cannot grant a writ of mandamus to order the Sheriff to obey Section 4974 in all future sales and notify and disclose to any party of a previous sale if the sale was conducted improperly if the record does not show that the Sheriff violated Section 4974 or that a sale was conducted improperly. Mr. White essentially seeks an "obey the law in the future" order and the Court will not issue such an order under the guise of a writ of mandamus.[12] This Court and others have traditionally refused to issue "obey the law" injunctions because the requirements of such an injunction are too vague to put the enjoined party on notice as to precisely what is required.[13] Moreover, a petition for a writ of mandamus seeking a future remedy must be dismissed where the action complained of has yet to occur.[14] In *Cason v State*, a petition for writ of mandamus was deemed premature and meritless where

---

[10] *Id.*

[11] *Pleasonton v. Hugg*, 2010 WL 5313228, at *1 (Del. Super. Ct. Nov. 29, 2010).

[12] *See Id.*

[13] *Id.*; *see State ex rel. Hillyer v. Tuscarawas Cty. Bd. of Commrs.*, 70 Ohio St.3d 94, 637 N.E.2d 311, 315 (Ohio 1994); *see also Belitskus v. Pizzingrilli*, 343 F.3d 632, 650 (3d Cir.2003) (stating that language in an injunctive order that "does nothing more than order [an agency] to obey the law" may be struck from the order)

[14] *Cason v. State*, 1999 WL 743491, *2 (Del.Super. July 20, 1999).

5

the petitioner sought to compel a state agency "to act should certain … future events come to pass."[15] Thus, it is not within the Court's power to grant Mr. White's second requested remedy under a writ of mandamus.

Third, Mr. White asks this Court to extend the return date of the Fi. Fa. to August 31, 2020 in light of Sheriff's alleged disobedience and Governor Carney's COVID-19 Emergency Order. The Sheriff responds and states that Mr. Donahue would be unable to challenge the sale due to the sale being conducted via the Inventory. This request is moot. Not only has the Property been sold on October 13, 2020, there is no indication that extending the return date would have any impact since there is no information in the record that Mr. Donahue is presently challenging the sale or that there is any injury that could be cured from doing so.

## V.    CONCLUSION

For the reasons stated above, Mr. Phillips' Motion to Dismiss Mr. White's Petition for Mandamus is **GRANTED**.

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[15] *Id.* at *1.